OPINION of the Court, by
Ch. J. Boyie.
This is an appeal taken by the defendant from a judgment for ike plaintiff, in an action of detinue for a slave.
The plaintiff claims the slave by a purchase made by his intestate from Rona Mahan, on the 21st of August 1812, in the county of Barren. The defendant holds the slave as a purchaser at a sale made by the sheriff of barren county, in virtue of a fierifacias, bearing date the 22d of February 1814, which issued on a judgment obtained by the defendant against Rona Mahan in the iireckenridge circuit court: and hfe contends that the sale was legal, because of a lien which had attached in virtue of a previousfien jadas upon the same judgment, bearing date the 31st of July 1812, and directed to the coroner of ¿ireckcnridge county, into whose hands it came on the day of its date.
The main question in the case, therefore, is whether the property continued to be so bound by the first execution as to render the sale under the second valid, notwithstanding the prior purchase which had been made from the defendant in the execution by the plaintiff’s intestate ?
The authorities are abundant to show that at common law n fieri facias had relation to its teste, and bound the defendant’s goods from that time ; so that if the ilefandant had afterwards sold the goods, though bona f ie, and for á valuable consideration,- they were still liable to the execution into whose hands soever they came ; and there is no doubt since the passage of the statute wliich provides that no execution shall bind the estate of the defendant but from the time of its delivery to the officer, that from that time the execution will have the same effect ns at common law. But we have met with no case which tends to prove that a fien facias either before or since the statute, will continue to bind the estate of the defendant after the return *533 Say; On tlie contrary, the case of Tabb and Harris, 'ante 29, appears clearly to be predicated upon a different idea : for in that case it was held when two executions were in the hands of the sheriff at the same time, by two different plaintiffs against the same defendant, that the one first delivered should be first satisfied, although the plaintiff in the one last delivered had issued a former execution upon the same judgment, which had been returned not satisfied. Now if the former execution had created a lien in favor of the plaintiff which would continue until his judgment should be satisfied, it is evident that he ought to have been preferred to the plaintiff in the other execution, instead of being postponed to him, as he was by the judgment given in that case. In truth we can perceive no principle upon which the lien created by an execution can be continued in virtue thereof after its return day. The lien indeed might be continued at common law by continuing the executions; and may, since the statute, by delivering a new execution into the hands of the sheriff at the same time that the former is returned ; or rather we ought in strict propriety to say, that an uninterrupted snccession of liens might be thus kept up. But it is evident that any interval between the executions, or the times of their return and delivery, must for the time interrupt, and consequently destroy the continuity of the lien : for it would be absurd to suppose that the lien could be continued in virtue of the first execution, inasmuch as that would be to give it an effect after it had become utterly inoperative ; and most certainly if the lien had once ceased, it could not be revived and continued by relation from the time it had ceased, in virtue of the succeeding executions, which even at common law could only relate to their testes, and under the statute, only to the time of their respective delivery to the officer.
It results, therefore, that the defendant had no lien on the slave in question, at the time of the sale by the sheriff under the second execution, so as to render the sale valid, and thereby overreach the prior purchase made by the plaintiff ⅛ intestate.
The judgment must, therefore, be affirmed with costs;