Judge Nicholas
delivered the Opinion of the Court.
This is an appeal, by Million, from.a verdict and judgment in ejectment, rendered against him, in favor of the appellees, in 1832.
On the trial, it was proved by the plaintiffs, that, about forty years béfore, Isaac Burgen took possession of, and improved the land in contest. After his death, the possession was continued by his four children and heirs, till between 25 and 30 years before the trial ; when Charles Burgen took possession, claiming it as his own, under the heirs of Isaac Burgen, and that he held it until 1823, when Million took the possession, under an executory-contract of purchase from Charles Burgen ; and had retained it ever since. On the 16th of June, 1826, several *360 executions, in the names of different persons,' against Charles Burgen, were placed in the hands of the sheriff, which he levied on the land in contest, on the 5th of August, 1826, and thereafter sold and conveyed it to Riley, the lessor ofthe plaintiff, as the property of Burgen.
As soon as an ex’on comes to the hands ofthe sheriff, the defendant’s estate is in lien for the amount ; and if he convey land which is after-wards levied on and sold under the ex’on, the sale by the sheriff, has l-elation hack to the time when the execution came to his hands, overreaches that made by the defendant, §- passes the better title.
> The land which a defendant in an ex’on was Bound to convey, is not exempt from the lien of the exfe* cation.
*360 The defendant then gave in evidence a patent for the land, to Henry Fields, and a bond from Burgen to Million, therefor, executed in 1823. He also produced, and .offered in evidence, a deed, for the land, to him, from Charles Burgen, executed on the 22d July, 1826, avowing his object to be : — first, to shew that, in compliance •with the bond, the legal title had been transferred to him before the levy or' sale under the executions, and that therefore nothing passed by the sheriff’s sale and deed to Riley. , Second: to shew, by other evidence, that, before the executions emanated, Riley had notice of Million’s purchase, and that he had paid for the land. Third : to shew that, at the time of the sheriff’s sale, he was in the adverse possession ofthe land, claiming it under the deed ; and for thé further purpose of shewing the extent of his possession. The court refused to permit the deed to he read, and, as we think, properly.
The executions, having come to the sheriff’s hands before the conveyance from Burgen to Million, they thereby obtained a prior lien, which necessarily caused the subsequent sale and conveyance to Riley, to overreach and avoid, by relation, the conveyance to Million, Such has been the uniform effect given to subsequent levies and sales under executions, when they came to the hands of the officer prior to the alienation of the defendant. This is most obviously indispensable, in order to effectuate the lien in favor of the execution, secured by statute, from the time it readies the officer’s hands.
This case, however, is attempted to be distinguished from the ordinary one, inasmuch as the defendant, by his conveyance, was merely effectuating a prior sale, made' long before, and which he was legally and morally bound and. compellable to do. This might have constituted a reason with the legislature, for allowing the distinction contended for ; but as this has not been done, we cannot take upon ourselves t,o create it, in the ab *361 •sence of all expressions in the statute to authorize any such restriction of the lien allowed to executions.
Notice of an equity does not effect the rights of a party in a trial .at law.
Not error to re--jectadeed •> hen offered merely to prove the extent of def’ts possession, as it could not show that he was not in possession of the land sued for.
Further evidence and instructions, in the court below.
Neither could it avail the defendants any thing, to prove, in this action at law, that Riley had notice of his purchase. If it places him in such an attitude as will induce the chancellor to make hina.surrender the legal title to the defendant, still for the purposes of this suit, it does not divest the title, nor did it obstruct him from ob" taining it, through the sheriff’s sale and conveyance.
Whatever was the character of the possession held by Million at the time of the levy and’sale, can have nothing to do with their validity. At the time the lien attached, the possession was amicable, and it is to that time, that the sale has relation. its validity must be tested by matters as they then stood.
We cannot perceive any purpose of substantial benefit to the defendant, in using the deed to prove the extent of his possession. It did not conduce to shew, that he was not in possession of any part of the land sued for.
It is further contended, that the deed was" admissible for the purpose of placing the defendant in the attitude of a purchaser, and enabling him, as such, to contest the validity of the sale to Riley, on the ground of fraud or the part of the creditors, in having their executions levied on this property, which it is insisted the jury might have inferred. But we see no room for any such inference. There was no proof to authorize it.
A deed from Field, the patentee, to Isaac Burgen, and another from three of the four heirs of the latter to Charles Burgen, for the land in contest, were read in evidence ; and it was proved, that the four heirs of Isaac Burgen are still living, and that they were all of age' twenty years before the trial.
Upon this proof, the court instructed tiie jury, in effect, that if Million accpiired the possession under an ex-ecutory contract of purchase from Charles Burgen, he was estopped from denying that the title was in Burgen, and that the' proof, if believed, shewed a right to recover. It refused to instruct the jury, at the instance of defendant, that, under the proof, they should find for the. plaintiff only three undivided fourth parts of the land.
presumed after possession?6!™ grantsxiFincar-aments, ^i/a grant of a fee simple estate can ever be pre-aot'be if on”! possession of years.han tIlIlly 'Grants, which, according to the books, may be
A party in pos-deny the title of him under whom he entered. But where the land is claimed under a sheriff"s deed, the tenant is not estopped from shewing, that the title of the defendant in the execution, was only equitable, and was not subject to sale under execution.
The circuit court has been justified, in argument, for the giving and refusing these instructions, mainly on two grounds : viz. the right of the jury to presume a conveyance from that heir of Isaac Burgen from whom no eon-veyance was produced, and the estoppel upon Million to deny Charles Burgen’s title.
We do riot concur with the counsel entirely in these views. There was no contract of purchase proved between Charles Burgen "and the heirs of Isaac Burgen, other than that evidenced by the.deed executed hy three of them, in ¡816. Nor is there any other circumstance in proof, from which the jury might infer a conveyance from the 0¡per f,e¡r upon a possession of twenty years. Grants ' 1 1 * J are presumed after twenty years possession, as we are by the books ; but they are a species of conveyance technically applicable to incorporeal hereditaments alone; anc^ the books are so to be understood when treating on this subject. These presumptions in favor of incorporeal hereditaments, are created by the courts, in analogy to, and in aid of, the statute of limitations, bringing within its operation a large class of cases not embraced by its letter, and which otherwise would not receive the benefit of its protection. But if a conveyance of the entire fee simple, from the true owner of real estate, can ever be presumed from mere length of possession, without •other circumstances to aid the presumption, it cannot be in less than thirty years. To presume a deed in less time, would manifestly confound all distinction between the different periods allowed for making entry, and bringing a writ of right. Peaceable enjoyment of real estate for twenty years, claiming it as one’s own, is no doubt prima facie evidence of absolute and rightful ownership. But, like all such evidence, it remains good only until the contrary is shewn. Tt is very different in its effect from the presumption of a conveyance from the true'owner, which is measurably susceptible of disproof.
If the instruction had been, as counsel seem to treat it, as *-be court probably intended, that, as Million en *363 tered under an executory contract with Burgen, lie was estopped to deny Burgen’s title, it could not have been caviled with. But the instruction is, that Million was estopped from denying, that the title was in Burgen, which differs materially from the other. Burgen himself, if he had been in the actual possession, would not have been estopped from shewing, that he had not a legal or even vendible title to the wholé or any part of the land.Neither, therefore, can another holding under him, as Million did, be estopped. It would have been perfectly competent for either of them to have shewed, that Bur-gen held the whole, or any part, by executory contract merely.
This court will consider the instructions of the inferior court, with reference to the evidence before that ct. when they were given, and if the instructions can be sustained so far as there was evidence to which they wereapplicable, will not reverse,' tho’ they might be erroneous if taken literally.
A defen’t in e-jeetment,whose title, or whose vendors titie, was sold uuder execution, will not be permitted to show that there was an outstanding title paramount to that of the deiendant in the ex’on, in order-to defeat the action of the pltf claim mg under the shernf s con veyance.
But as there was no such proof made, we do not think the case should be reversed for such verbal' inacurá-cy in the frame of the instruction. It, must be understood, as, not inhibiting the making of proof, but the improper use of the proof made. The bill of exceptions states,that it was proved, “that Charles Burgen came into possession under Isaac Burgen’s heirs, and coutinued in possession of the land, claiming it as his own, until 1823.” This is the whole statement of the proof as to the manner of his holding. There is nothing in it, which indicates that lie looked to Burgen’s heirs for the title. The statement is, that he held, claiming it as his own.
Though a defendant in an execution is not estopped to shew the nature of his title, in order to manifest that it is a mere equitable one, dr otherwise not vendible under execution, yet, we deem him estopped from shewing a superior outstanding title in another, merely for the purpose of defeating the recovery of the purchaser under an execution, without manifesting any connection between him and such title. It is not necessary that the purchaser should have the superior legal title, to enable him to recover from the defendant in the execution. «It is enough that the title of the defendant, such as it was, good or bad, was vendible, and that the purchaser has acquired it. A contrary doctrine would subject purchasers, often times, to infinite trouble and inconvenience.. To deduce title from the patentee, by regular legal proof, is generally accompanied with much difficulty ; and it *364 may weli happen, that the knowledge of the mode of do ing it, is locked up in the defendant’s own breast. On other hand, we can perceive no injury, inconvenience or injustice, that can ensue to the, defendants, from the ru^e ^iere prescribed. He has, or is justly presumed to-have, full knowledge of his own title and Its mode of derivation. If it is a mere equitable one, or one which, from any cause, is not subject to execution, he ought to Be able to shew it, and will not be estopped from so doing. The burthen of the proof properly rests on him.
Taking the instruction, therefore, as speaking in reference to- the case as it then stood before the jury, it meant nothing more than that the defendant was estopped from relying upón the superior title shewn to be in one of the heirs of Burgen, to defeat the plaintiff’s recovery to the extent of an undivided fourth of the land. With this understanding, we do not think the instruction given, is liable to just exception, or that the court should have given that asked by the defendant.
The judgment must be affirmed.