EJECTMENT.

Case 79.

April 14.

The case stated.

## Reid *vs* Heasley.

### ERROR TO THE GARRARD CIRCUIT.

*Ejectment.   Sheriff sale of land.   Estoppel.*

JUDGE MARSHALL delivered the Opinion of the Court.

THE principal question presented in this case is, whether, when a debtor by judgment and execution, being in possession of land, verbally requests and directs the sheriff to levy upon the land and sell it in satisfaction, and the sheriff supposing him to have the legal title, levies and sells accordingly, proclaiming at the time of sale, that the land was given up by the debtor to satisfy the execution under which it was offered, and the debtor being present, did not then, and had not previously dissented or disclosed the nature of his title; he can defeat an ejectment afterwards brought by the purchaser, upon the sheriff's deed, to recover the possession of the land from him, by showing that he had an equitable title by bond only. It has been frequently decided, that in an action of ejectment against the debtor, proof of his possession before and at the time of the levy and sale, is sufficient *prima facie* evidence of title to authorize a recovery on the sheriff's deed; and that the defendant cannot, in such a case, defeat the recovery by showing an outstanding title in another. It has, however, been decided, though not in a case where the sale was made with the assent of the debtor, that he may defeat the action by showing that he had an equitable title only, because such title was not subject to levy and sale: *Major* vs *Deer*, (4 *J. J. Marsh.* 585;) *Million* vs *Riley et al.* (1 *Dana*, 359;) but can he do so when the levy and sale are made with

his assent and under the supposition that he had the legal title?

In the case of *Major* vs *Deer*, (4 *J. J. Marshall*, 585,) this Court, in discussing the question whether and how far the debtor is estopped to deny the title of the execution purchaser, uses the following language: "When "the land is sold at the instance or with the assent, ex-"press or presumed, of the defendant, as he is benefitted "by it, he should be bound by it as his own voluntary "act; and, therefore, should not be permitted to deny "that the purchaser acquired any title." In opposition to the doctrine thus expressly asserted in the case of *Major* vs *Deer*, when the question of estoppel was under consideration, reference is made to an intimation in the case of *Williamson* vs *Logan*, (1 *B. Monroe*, 241,) in which the Court, in considering the effect of a parol authority to the officer, to sell in gross a tract of land held in severalty by the defendants in the execution says: "Though a parol authority to the officer to sell and con-"vey land, might not be good under our statute of frauds "and perjuries, when the officer had no legal authority to "sell and convey, independently of the (*parol*) authority "given, yet when he has the legal power to levy, sell and "convey, a party interested may, by parol, give authority "to sell in gross," &c. &c. If the principle here inti-mated had been positively asserted, it would still have been inapplicable to the present discussion, in which the question is not simply whether, in the absence of other legal authority in the officer to levy and sell, the mere parol directions of the debtor would confer such author-ity upon him, so as to make his subsequent sale and conveyance valid, but whether it is not to be assumed, as conclusively proved against the debtor in this contest with the purchaser, that he had such title as the officer was au-authorized by law to sell and convey in satisfaction of the judgments and executions against him. And his direc-tions and assent are relied on, not as in themselves con-ferring an authority which did not otherwise exist, for it was not supposed at the time that any authority from him was necessary to make the levy and sale valid, but as precluding him from showing or relying upon the fact

REID
*vs*
HEASLEY.

A debtor who is
in possession of
land, and who
gives it up to the
sheriff to sell to
satisfy an execu-
tion, and who
does sell, is es-
topped       after-
wards to resist
an ejectment a-
gainst him by the
purchaser hold-
ing the sheriff's
deed,   on    the
ground that he
only held an e-
quity at the time
of sale.

which would prove that there was no authority independ-
ently of his assent.

The principle on which the plaintiff's right of recovery
depends is this, that the possession of the execution debt-
or is sufficient evidence of such title in him as authorized
the sheriff to levy upon and sell the land; and that al-
though when possession is the only fact relied on by the
purchaser as evidence of such a title in the debtor as was
subject to levy and sale, the latter may show that he had
not such title but a mere equity, he will be deprived of
the benefit of this fact and estopped to deny the title of
the purchaser if it be shown that the levy and sale were
made with his assent, and especially if made under the
supposition, (as would be presumed in the absence of
proof,) that he had the legal title.

This principle is entirely consonant with justice, and
seems essential to the attainment of its ends.  It stands
upon the basis of honesty and good faith.  It is sanc-
tioned by the express opinion of this Court, in the case
of *Major* vs *Deer*, uncontradicted, as we believe, by any
adjudication or deliberate dictum directly upon the point,
and should, as we think, be taken to be the law of the
case.

As the estoppel in this case depends upon facts, of the
existence of which the jury should be the judges, it could
only be taken advantage of by way of instructions from
the Court, directing them that if they believed those facts,
they should disregard the evidence of equitable title only
in the defendant, and that if he were in possession of the
land before and at the time of the levy and sale, and of
the service of the declaration, the purchaser, if he had
the sheriff's deed before the date of the demise, was en-
titled to recover.

Upon the evidence appearing to have been given on the
trial, the jury would certainly have been authorized to
find the facts assumed in this opinion, and to which its
principles are applied, and under such an instruction as
is above intimated, they might have found for the plain-
tiff.  But the instructions actually given if consistent
with themselves, which is not entirely obvious, seem to
be in some respects misleading and inconsistent with

</div>

the conclusion to which we have come in this opinion, and the verdict for the defendant should not have been sustained.

We need only say farther, with regard to the defendant's assent to the sale, that if he requested or directed the sheriff to levy on this land and sell it in satisfaction of the executions, and being present at the sale, did not unequivocally dissent or disclose the nature of his title, he is to be regarded as having assented to the sale, and as being estopped from denying the title of the purchaser holding the sheriff's deed.

For the error in the instructions, and in overruling the motion for a new trial, the judgment is reversed and the cause remanded for a new trial, in conformity with this opinion.

*Owsley & Goodloe* for plaintiff; *Turner* for defendant.