Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This case comes before the court upon a certificate of division between the judges of the Circuit Court of the United States for the ‘district of Kentucky, upon the following statement:—
 

 “Savage had the title to the land; the plaintiff claimed under-the decree of his bankruptcy; the defendant, under a sheriff’s sale under an execution.
 

 “The act of bankruptcy of Savage was committed on the 27th April, 1842; the petition of his creditors was filed against him. in the
 
 district
 
 court on the 25th day of June, 1842, and he was declared a bankrupt, on the 26th October, 1842; the plaintiff was appointed the assignee, and1 this is his title.
 

 “An execution of
 
 fierifacias
 
 on a judgment against the estate of Savage was delivered to the sheriff on the 9th April, 1842, before the act of bánkruptcy, and was levied on the land on the day of before the petition; but after the act of bankruptcy the defendant' purchased at the sheriff’s sale, had his deed, and this was his title.
 

 { i The question was, has the plaintiff; by the decree of bankruptcy and its relation back to the act of bankruptcy, the elder and better title; or has the defendant,'by the prior delivery of the execution into the hands of the sheriff, and his levy of it, before the 'peiition was filed, the' prior' and superior tiñe ?”
 

 The statute of Kentucky, upon this subject, provides “ that no writ
 
 offieri facias,
 
 or" other writ-of execution, shall bind the estate of the defendant or defendants but from the time such writ shall be delivered to the sheriff, pr other proper officer, to be executed-.” According to the laws -of that state a judgment is not a lien upon land, and the real as well as-persorial estate is not bound until the process of execution against the property of the defendant is-delivered to the officer. .The question to' be determined is, whether the delivery of the
 
 fieri facias'
 
 to the sheriff tq be»execütéd created a lien on the property of the defendant, for this ámount for which the execution was
 
 *119
 
 issued? If it did, the title of the defendant is tbe superior and'better title, and protected by the' last proviso in the 2d section of. the act to establish a uniform system of bankruptcy throughout the United States.
 

 In construing the statute above mentioned, the decisions of. the courts of Kentucky have not been entirely uniform. In the case of Tabb
 
 v.
 
 Harris, 4 Bibb, 29, decided in Í8Í6, it was held, that the delivery to the sheriff created no lien on the property of the defendant. In a subsequent case, however, in the same volume, Daniel
 
 v.
 
 Cochrane’s administrator, 4 Bibb, 532, decided in 1817, the court, in delivering their opinion, speak of the lien of a
 
 fieri facias,
 
 from the time it was delivered to the sheriff to be executed, as if it were a known and settled principle of law in that state. But this'was not the main point in that case, which turned upon-the question, whether the ¿xecution continued to bind the property of the. debtor until' the judgment was satisfied. The court held that it did not, .and that the lien ceased-after the return day of the execution, if it was not levied before. The question,- as to.the lien acquired by the delivery to the-•officer, again arose in the case of Kilby
 
 v.
 
 Haggin, 3 J. J. Marshall, 208, and. in this case, which was decided in 1830, the doctrine in the case of Tabb
 
 v.
 
 Harris was fully sustained; and it was directly and distinctly decided, that the delivery to the sheriff created no -lien against any other creditor, and that an execution afterwards placed in the hands of the sheriff, if first levied upon the property, was entitled to a preference.
 

 But in die case of Million
 
 v.
 
 Ryley, 1 Dana, 360, decided in. 1833, the court held, that the plaintiff obtained a lien by the delivery to the sheriff, and that the title acquired by the purchaser, when the execution was regularly levied and the property sold, related back to the delivery"to the officer; and they speak of this lien as secured to the creditor-by the Kentucky statute. In 1837 this subject again came' before the court, in the case of Addison and others
 
 v.
 
 Crow and others, 5 Dana, 274, and in this case the question appears to have been very fully considered, and the case of Million
 
 v.
 
 Ryley was referred to and commented on, and the principle decided, in it in relation to the* lien of an execution re-affirmed. In this case the court say “ the levy of a
 
 fien facias
 
 up op the land of the debtor undoubtedly renders the.lien "more specific, and being a necessary step in the execution of a writ, completes the authority, of the officer to sell, and has the further effect of giving continuance both to the authority ánd the lien, which would otherwise expire with the return' of the writ. And we. do not perceive any necessity .or reasonable ground for .ascribing to it any other efficacy than thisand in page 277. of the same case, the court again say, “ no reason appears foi attributing'to "a levy any efficacy except'as one step towards the consummation of the lien arising from the delivery of the execution to the officer.”
 

 
 *120
 
 . This is the latest de asion in the courts of the state-to which we have been referred, 01 of which we are- aware, and, as we have already- said, it appears, to have been well considered. And whatever doubts might before have, been entertained, we must, under the au-. thority of this casé, .regard it as the settled law of the state, that the creditor obtains a lien-upon the property-of his debtor by the delivery of the
 
 Jim facias
 
 to the sheriff; that it acquires no additional validity or force by being actually levied, bút that the lien is as absolute before the levy as it is afterwards, and continues .while the procéss. remains in. the hands of the sheriff to be executed.
 

 In this view of the subject- it is unnecessary to examine or to remark upon the.-cases which have been decided in. other states or in England, because the question depends altogether upon the. law of Kentucky. And as by the laws of that state
 
 a.Jieri
 
 facias, when delivered to the sheriff, is a lien upon the property of the debtor while it continues , in the hands of the oflicer to be executed, the' creditor is not deprived of this lien by an' act of bankruptcy on the part of'the debtor committed before the levy is made, but after the execution is in the hahds.of the sheriff. .In the case before us, therefore,the. court are of-opinion that the defendant, by the prior delivery of the execution and the subsequent levy and sale, has the priof and superior title, axyl we. shall certify accordingly to the Circuit Court.