CASE 39—PETITION EQUITY—FEBRUARY 13.

# Moore vs. Simpson.

APPEAL FROM SIMPSON EQUITY AND CRIMINAL COURT.

The provisions of *article* 15 *of chapter* 36 *of the Rev. Stat.*, in relation to the sale of encumbered property, do not apply to a sale of land by a sheriff under execution, issued on a replevin bond where the judgment was for a part of the purchase money, and the defendant, having only a bond for the title, surrendered to the sheriff, by written indorsement on the execution, his interest in the land to be sold in satisfaction thereof.

Where land is levied upon and sold by the sheriff, in which the defendant in the execution had but an equity, such defendant will be estopped to deny the title of the purchaser, if it be shown that the levy and sale were made with his assent.

Judgment upon a note given for land for which the defendant held a bond for title; judgment replevied, and execution issued thereon, and, by written indorsement on the execution, defendant surrenders the land to satisfy the same, and the sheriff sells and conveys the land to the purchaser, who sues to recover possession. *Held*—that he is entitled to recover.

In 1856 Simpson purchased of Danthal a house and two lots in the town of Franklin, Simpson county, Ky., for $1,800, in three payments, executing two notes for $400 each, and one for the last payment of $1,000, and a bond for title was executed by the latter to the former, to be conveyed on payment of the purchase money. The first note was paid by Simpson. Grider, as holder of the note for the second payment, brought an action to recover the amount and enforce a lien therefor on the two lots ; a judgment was rendered for the amount and for the enforcement of the lien, with the right to the defendant to replevy the judgment, and Simpson, with Hail as surety,

did replevy it. Execution issued on the replevin bond, and Simpson surrendered to the sheriff his interest in the two lots of ground for levy and sale, by the following written indorsement on the execution : "I this day give up my interest to the sheriff of Simpson county in and to the house and two lots I now live on in the town, known in plat of said town as Nos. 109 and 110, to satisfy the within *fi. fa.*

Sept. 10th, 1857. SAMUEL SIMPSON."

After appraisement and advertisement the lots were, on the 19th of October, 1857, sold by the sheriff, when Moore became the purchaser at $205, and the sheriff executed a deed of conveyance to him on the 5th of Nov., 1858.

In February, 1859, Moore brought this action in equity to have his title to the lots perfected, and to have possession delivered to him, and for damages for the detention of the same. It was alleged that the note for the last payment was all that remained unpaid of the purchase money. Simpson and Danthal were made defendants. Simpson resisted the relief sought. The chancellor adjudged that Simpson was entitled to redeem, and that Moore was entitled to have refunded to him the amount paid by him with ten per cent. interest. To reverse that judgment Moore appeals.

JAMES HARLAN, for appellant, cited 10 *Johnson*, 223 ; 4 *J. J. Mar.*, 588 ; 3 *Washington Circuit Court Reports*, 545 ; 2 *B. Mon.*, 254.

JONES & SMITH, on same side, cited 14 *B. Mon.*, 275 ; 4 *J. J. Mar.*, 588 ; 2 *B. Mon.*, 256.

JOHN M. HARLAN and JOHN RODMAN, for appellee, cited 3 *J. J. Mar.*, 558.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The only question presented by this record is, does the sale made by the sheriff fall within the provision, and are the rights of the parties to be controlled by *article* 15, *chapter* 36, *Revised Statutes*, (1 *vol.*, 488.) We think the present case is not embraced by the statute, *supra*, and cannot concur with the learned chancellor.

The sheriff of Simpson county had an execution in his hands against appellee and Hail, his surety in the replevin bond ; appellee, in writing indorsed upon the execution, deliberately signed by himself, on the 10th of September, 1857, gave up to the sheriff *"his interest"* in and to the house and two lots in the town known on the plat of said town as Nos. 109 and 110, to satisfy said *fi. fa.*

He had not the legal title, but he was in possession of said lots ; he had purchased them, had paid $400 of the purchase money, and had an equitable interest in them—an interest, however, which was not subject to sale by virtue of said execution, but such an interest as appellee at any time might have sold publicly or privately himself, and certainly could have constituted the sheriff his attorney in fact to sell his interest in the estate for him ; and no reason can be perceived why the written authority which he gave the sheriff to sell by virtue of the execution should not be as binding upon him as if he had constituted him his attorney to make the sale before he had any execution.

The interest of appellee was not subject to levy and sale, but he had a right to waive the protection which the law threw around his equitable title for his benefit, if he chose to do so ; and, having done so, he should be estopped to deny the purchaser's right acquired under a sale to which he had given the highest sanction.

In *Major vs. Deer*, (4 *J. J. Mar.*, 589,) this court held, that "when land is sold at the instance or with the assent, express or presumed, of the defendant, as he is benefited by it, he should be bound by it as his own voluntary act ; and, therefore, should not be permitted to deny that the purchaser acquired any title." And in the case of *Reid vs. Heasley*, (2 *B. Monroe*, 256,) it was expressly decided that, although, when possession is the only fact relied upon by the purchaser, as evidence of such title in the debtor as was subject to levy and sale, the latter may show that he had not such title but a mere equity, he will be deprived of the benefit of this fact, and estopped to deny the title of the purchaser, if it be shown that the levy and sale were made with his assent.

An innocent purchaser, at a sale made under legal process and by the express written authority of the defendant in the execution, having complied with the terms of the sale, in a court of justice to enforce his rights acquired under the sale should not be told that the sale was a mere idle ceremony to afford the defendant a chance to speculate in experiments.

It may be the property has increased in value, and it may seem to operate prejudicially to appellee, but it is the consequence of his own voluntary act, and justice and fair dealing will not permit him to defeat the rights of appellant acquired under his authority.

The judgment of the court below is therefore *reversed*, and the cause remanded with directions that a judgment be rendered directing appellee to surrender the possession of the premises to appellant; and, as appellee's vendor, Danthal, is before the court, he will be directed to convey the property to appellant upon his receiving his purchase money, or such assurances as will be satisfactory to him; and appellant will be entitled to reasonable rents from the date of his purchase, subject to be diminished by such lasting and necessary repairs as may have been put upon the premises; and for the ascertainment of these facts it will be necessary to refer the case to the master; and such further proceedings will be had in the court below as will be necessary to settle the rights of the parties in conformity with this opinion.