CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The conveyance, of date October 28, 1855, from P. D. B. O. Gray to Isham H. Nelson, invested the latter with the naked legal title to the realty therein described, to be held “for the sole and separate use of Mary E. Gray, wife of the said P. D. B. O. Gray, for and during her life, and if the said P. D. B. O. Gray shall survive the said Mary E. Gray, his wife, then for his use during his life, and upon the death of the said Gray and wife to go in remainder to such children as they shall leave, or rather to the issue of the said Gray and wife, and not to the issue of either by any one else.”
Mary E. Gray died prior to April 21, 1874, and the heirs at law of Nelson, who had also died, then held the legal title in trust for P. D. B. O. Gray during the continuance of his *347 life, and ultimately for the remainder-men pointed out in the conveyance just mentioned.
By section 21, article 1, chapter 63, General Statutes, it is provided, that “Estates of every kind, held or possessed in trust, shall be subject to the debts and charges of the persons to whose use or for whose benefit they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof.”
The life-estate of Gray was under this statute clearly subject to the payment of the Henry judgment, and it was also liable to be seized and sold under execution, notwithstanding the fact that the legal title was not in the debtor. As a general rule land can not be taken under execution when the debtor holds only an equitable title, but the statute quoted makes trust estates, where the naked legal title is held in express trust, an exception to this general rule. The direct question was decided by this court in the case of Blanchard and wife v. Taylor’s heirs (7 B. Mon. 645), under the 13th section of the act of 1796 (1 Statute Laws, 443), of which the provision of the General Statutes just quoted is almost a literal copy. In that case the court said: “ The statute declares that estates of every kind holden in trust, not the use or uses therein, shall be subject to the debts of the eestui que trust. It is the thing itself which the statute authorizes to be subjected. Prior to the statute the estate could only be reached in a court of equity. The statute was designed to effect the same object at law by subjecting the entire estate, and such has been the construction given to it by this court. Eastland v. Jordan (3 Bibb, 186), Strode v. Churchill (supra), and other cases.”
And the court further held that the sheriff’s sale and conveyance passed to the purchaser not only the estate sold, but also the legal title, and consequently that he might recover in *348 ejectment. This case has neither been questioned nor overruled, and as we regard it in strict accord with the statute, we are of opinion that the life-estate of Gray was subject to seizure and sale under execution. But in addition to this the record before us shows that Gray ratified and confirmed the levy by a written direction to sell the property, without advertisement, and on a named day; thus bringing the levy and sale within the rule announced in the cases of Moore v. Simpson (3 Met. 349), Major v. Deer (4 J. J. Mar. 589), and Reid v. Heasley (2 B. Mon. 256). This writing, however, is not relied on by the appellees, and if the case rested alone on the rule last referred to, the pleadings would not be regarded as sufficient to authorize its application.
As the life-estate of Gray was subject to levy and sale, the next question for consideration is whether the mistake of the appraisers in valuing the fee-simple instead of the life-estate of the debtor renders the sale absolutely void.
The provisions of the statute concerning the sales of land under execution requiring them to be advertised, the lands to be valued, and the officer to return the valuation with the execution, and to refer to and explain the proceedings, are not so mandatory that a failure to observe them literally, will necessarily render the sale void and of no effect.
The valuation is for the benefit of the defendant and to secure to him the legal right to redeem in case the estate shall not sell for two thirds of its value. This legal right may be waived at the election of the defendant, and if he chooses to waive it the purchaser can not, on account thereof, avoid his purchase, as he might undoubtedly do if the sale was null and void. In such a case the defendant may be allowed in equity to redeem, or possibly, upon motion made within the proper time, he may have the sale set aside. This seems to be the doctrine of the cases of Reid v. Heasley (9 Dana, 324, and 2 B. Mon. 256).
*349 In this case the defendant has not offered to redeem, and if his answer in the action of Briscoe can be regarded as an application to have the sale set aside for the irregularity in the valuation, and the judgment of the chancellor can be regarded as granting him such relief, then under the provisions of section 4, article 15, chapter 38 of the General Statutes the lien created by the levy was left in full force, and the error of the chancellor, if he erred at all, was in directing a sale of the property by his marshal, instead of remanding the execution creditors to their writ of venditioni exponas. But of this error (if it be one) Gray, the debtor, does not complain. He is content with the judgment, and does not ask to have it reversed.
Nor have the appellants, Anderson and John T. Gray, the right to complain. Their attachment lien is subordinate to the execution lien held and owned by Briscoe and Lawrence, the assignees of Lewis, and the judgment appealed from secures to them all their legal rights, and is doubtless more beneficial than a judgment setting aside the sale and remanding Briscoe and Lawrence to a venditioni exponas would be. Such a judgment would compel them either to pay the Lewis judgment or to redeem the attached property after it shall be sold, in order to mak'e their attachment lien available for any purpose whatever.
We do not understand the appellee, Briscoe, as asking to have the execution sale declared void. He says he was advised that the life-estate of the debtor, Gray, was not liable to sale under execution, and that nothing passed under the pretended sale, but he expressly claims that he is entitled to the benefit of the lien resulting from the levy, and expressly prays that it be enforced, and that the life-estate of the debtor be sold in satisfaction of the Lewis judgment.
As the substantial rights of the appellants were not prejudiced by the judgment appealed from, and as they can not take advantage of the supposed technical errors of procedure as to their debtor, it must be affirmed.