**WILKINSON v. GOREE et al.** *

**In re WALKER.**

Circuit Court of Appeals, Fifth Circuit.
April 12, 1927.

No. 4968.

1. **Bankruptcy** ⬤➞440(5)—*Order denying plenary petition for possession of real estate claimed by trustee held reviewable by appeal rather than petition to superintend and revise (Act May 27, 1926 [44 Stat. 664]).*

Order of District Court in bankruptcy denying plenary petition for possession of certain

*Certiorari denied 47 S. Ct. 770, 71 L. Ed. —.

real estate claimed by trustee in bankruptcy *held* properly reviewable by appeal, under Act May 27, 1926 (44 Stat. 664), rather than by petition to superintend and revise.

2. **Execution** ⬤➞145—*Levy of execution on realty brings it into custody of court rendering judgment, though marshal does not take actual possession (Rev. St. Tex. 1925, art. 3793).*

Levy of execution on real property brings property described therein under the control and into the custody of the court which rendered the judgment, and it is immaterial that the marshal did not take actual possession, in view of Rev. St. Tex. 1925, art. 3793.

3. **Bankruptcy** ⬤➞200(4)—*Execution sale of realty to satisfy judgment constituting lien thereon, after judgment debtor, while solvent, had filed voluntary petition in bankruptcy, held valid, and trustee in bankruptcy not entitled to property as against purchaser at sale (Rev. St. Tex. 1925, art. 5449; Bankruptcy Act, §§ 47a [2], 67f, 70a [5], being U. S. Comp. St. §§ 9631, 9651, 9654).*

Where a judgment debtor, while solvent, filed voluntary petition in bankruptcy just before execution sale of his realty to satisfy judgment, which was lien thereon under Rev. St. Tex. 1925, art. 5449, *held*, under Bankruptcy Act, §§ 47a (2), 67f, 70a (5) being U. S. Comp. St. §§ 9631, 9651, 9654, lien of judgment was not affected by petition in bankruptcy, nor the sale invalid, so as to entitle trustee in bankruptcy subsequently appointed to the realty as against purchaser at execution sale.

4. **Execution** ⬤➞266—*Execution sale of realty relates back to levy.*

Execution sale of realty to satisfy judgment lien relates back to date of the levy.

5. **Execution** ⬤➞250—*Judgment debtor, hindering execution sale by public announcement that he had previously filed petition in bankruptcy, could not complain of inadequacy of price.*

Where judgment debtor, just before execution sale of realty on which judgment was lien, though solvent, filed voluntary petition in bankruptcy and caused announcement thereof to be made publicly to prospective bidders, he could not subsequently, when sale was held valid, complain of the inadequacy of price.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

In the matter of bankruptcy of J. L. Walker; B. K. Goree, trustee. From an order dismissing a plenary petition by W. W. Wilkinson, trustee in bankruptcy of the Walker Grain Company, for possession of certain real estate, and confirming title in trustee of the estate of J. L. Walker, Wilkinson, trustee, appeals and files petition to superintend and revise. Petition to superintend and revise dismissed, and order reversed, with directions, on the appeal.

See, also, 15 F.(2d) 399.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex. (G. M. Conner and Cappa, Cantey, Hanger & McMahan, all of Fort Worth, Tex., on the brief), for appellant.

P. Walter Brown, H. T. McGown, and P. T. Lomax, all of Fort Worth, Tex. (W. D. Caldwell and Ben G. Smith, both of Fort Worth, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant, as trustee of the estate of the Walker Grain Company, bankrupt, filed a plenary petition in the bankruptcy proceedings of J. L. Walker, for possession of certain real estate; but the District Court denied that petition and confirmed title to appellee, Walker's trustee in bankruptcy.

[1] Appellant's petition to superintend and revise is dismissed. The case is properly brought here by appeal. Act May 27, 1926, 44 Stat. 664.

On May 22, 1925, pursuant to the mandate of this court in the equity suit of Wilkinson v. Walker, 3 F.(2d) 867, judgment for $71,833.70 in favor of appellant and against J. L. Walker was duly recorded in Tarrant county, Texas, in which considerable land then owned by Walker is situated. On June 25, 1925, execution on that judgment issued, and on the next day was levied by the marshal on the land in controversy by indorsing the levy on the writ of execution. At 2:05 p. m. on August 4, 1925, the marshal sold the land at public sale to appellant, as trustee for the Walker Grain Company. On the day of, but prior to, the sale, Walker's application to enjoin it was denied by the District Court, and, five minutes before the sale occurred, Walker filed a voluntary petition in bankruptcy, solely for the admitted purpose of rendering the sale void, and caused announcement of the filing of that petition to be publicly made to prospective bidders. A result of that announcement was that appellant was the only bidder, and bought the property in for $4,565. Its reasonable value was $350,000, and Walker had an equity in it over and above all liens of about $150,000. The judgment liens of appellant alone amounted to about $110,000.

Walker owned other lots, not included in the sale, worth about $111,250, and was solvent beyond any question at all times intervening and including the judgment against him and his adjudication in bankruptcy. It is admitted that "all the proceedings in connection with the sale, down to and including the delivery of the deeds to the complainant [appellant] and the deeds themselves, were in all respects regular." An hour or two after the sale, Walker was adjudged a bankrupt; and appellee, who, on the next day was appointed receiver, and later trustee in bankruptcy of his estate, took possession of the land bid in by appellant. Walker was president of the Walker Grain Company and owned practically all its capital stock.

[2] The recording of the judgment placed a lien upon all of Walker's real estate subject to execution. Rev. Civ. St. Tex. 1925, art. 5449. The levy of the execution brought the property therein described under the control and into the custody of the equity court which rendered the judgment. Borden v. McRae, 46 Tex. 396. Article 3793 of the Revised Civil Statutes of Texas provides: "In order to make a levy on real estate, it shall not be necessary for the officer to go upon the ground, but it shall be sufficient for him to indorse such levy on the writ."

[3] The judgment lien which was being enforced by the District Court in equity was not affected by Walker's voluntary petition in bankruptcy, for the reason that Walker was solvent. Under section 67f of the Bankruptcy Act (Comp. St. § 9651), the only valid judgments or liens that are avoided are those obtained within four months prior to the filing of a petition in bankruptcy by or against insolvent debtors. That section does not provide that liens against a solvent debtor shall be void, and it has been decided by the Supreme Court that they remain in full force and effect. Liberty National Bank v. Bear, 265 U. S. 365, 44 S. Ct. 499, 68 L. Ed. 1057. The obvious reason is that such liens are outside the field of operation of the Bankruptcy Act, just as are valid liens obtained more than four months prior to bankruptcy upon the property of insolvent debtors. Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Blair v. Braley, 221 F. 1; Martin v. Oliver (C. C. A.) 260 F. 89. Appellant was entitled to pursue his remedy to the end in the court that first acquired jurisdiction and gave him a lien that was not subject to be interfered with by any subsequent proceeding in the bankrupt court. Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253; Moran v. Sturges, 154 U. S. 256, 14 S. Ct. 1019, 38 L. Ed. 981; Central National Bank v. Stevens, 169 U. S. 432, 18 S. Ct. 403, 42 L. Ed. 807.

[4] The sale related back to the levy. Freeman v. Dawson, 110 U. S. 264, 4 S. Ct. 94, 28 L. Ed. 141. The levy had the effect of placing Walker's property in custodia legis, and it is immaterial that the marshal did not

take actual possession. Waller v. Best, 3 How. 111, 11 L. Ed. 518; Farmers' Loan & Trust Co. v. Lake Street Railroad Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667; Smith v. Jennings (C. C. A.) 238 F. 48.

Section 70a (5) of the Bankruptcy Act (Comp. St. § 9654) vests the title of the bankrupt in the trustee as of the date of adjudication to all property which prior to the filing of petition the bankrupt could have transferred; and section 47a (2), being section 9631, vests the trustee with the rights of a creditor holding a lien or execution. Neither of these sections can defeat the title obtained by appellant at the execution sale. At the time Walker was adjudged a bankrupt, the title had already vested in appellant. The title of the receiver or trustee was good from the date of the petition as against subsequent liens or attachments, but not as against prior valid liens that were not affected by the bankruptcy proceedings. Jones v. Springer, 226 U. S. 148, 33 S. Ct. 64, 57 L. Ed. 161. After the levy, and before the execution sale, Walker could only have sold the property subject to the lien, and after the sale he could not have conveyed any title. His trustee acquired no greater right than he had.

[5] Complaint is made that the property was sold for an inadequate price. But that complaint cannot well be made by Walker, who drove off bidders by going into voluntary bankruptcy, for the sole purpose of having the sale declared void and postponing the rights of creditors of the Walker Grain Company, of which he was practically the sole stockholder. Walker's voluntary petition in bankruptcy was in reality, as it was designed to be, an effort to further hinder and delay creditors of the Walker Grain Company. It was virtually a fraud on the Bankruptcy Act. The District Court in equity had jurisdiction to pass upon the validity of the execution sale. The District Court, sitting in bankruptcy and administering Walker's estate, had no jurisdiction to set that sale aside. We are of opinion, also, that the sale should be allowed to stand. Appellant, as trustee, can gain no unfair advantage by having obtained title to valuable property at a small price, because any surplus left over after administration of the Walker Grain Company's estate will have to be turned over to the trustee of Walker's individual estate, and eventually to Walker himself, as his estate is solvent.

The order appealed from is reversed, with directions to grant the prayer of appellant's petition.