## FIRST NAT. BANK OF WEATHERFORD, TEX., v. HOLLIDAY.

### No. 5997.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1931.

Rehearing Denied March 16, 1931.

F. O. McKinsey, of Weatherford, Tex., for appellant.

Emil Corenbleth, of Dallas, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

This is an appeal allowed by the District Judge from his judgment and order allowing in part and rejecting in part appellant's claim duly filed against Harvey Brothers Coaches, bankrupt.

The claim was for a sum in excess of $500, and for a lien securing same upon a certificate of public necessity and convenience, No. 325, issued to Harvey Brothers Coaches, bankrupt, by the railroad commission of Texas under the statutes of that state, representing its permit or franchise for operating a public bus line.

The matter was submitted upon an agreed statement of facts in substance that the claim of the creditor in the sum of $9,899.34 was a bona fide claim for that amount against the bankrupt and had been properly proven up. That after the certificate of necessity and convenience had been issued to the bankrupt, Harvey Brothers Coaches, and more than eleven months before the bankruptcy, it borrowed from appellant $7,500 in cash, and as security executed and delivered to it a chattel mortgage, with power of sale, on said certificate.

That at the time of the payment over of the borrowed money the possession of the certificate was delivered to appellant, and it has ever since had, and now has, possession of the same.

That the mortgage was forthwith registered in the offices of the county clerks of Dallas and Parker counties, where the members of the bankrupt firm resided, and the office of the company was located, but that permission to mortgage was neither asked nor received from the railroad commission, and said mortgage was never filed in the office of the secretary of state of the state of Texas.

That at the time of the execution of the mortgage the bankrupt was operating a bus line from Dallas to Houston under the authority of said permit or certificate. That the money was advanced upon the faith of the hypothecation of the certificate and the whole transaction was in the utmost good faith.

Upon the debt coming due, under the power of sale contained in the mortgage, appellant caused the certificate to be advertised for sale and it was about to be sold at public outcry when bankruptcy intervened, the sale was stopped by writ of injunction from the bankruptcy court, and thereafter a sale of the certificate was effected by the trustee for $3,500 with the approval of the railroad commission, appellant consenting, and in accordance with the statutes of the state, with the understanding that the proceeds therefrom should stand in the same case and charged with the same lien, if any, as the certificate from the sale of which the money was derived.

The applicable statutes are:

Section 5, art. 911a, Vernon's Ann. Civ. St.: "No motor-bus company shall hereafter regularly operate for the transportation of persons as passengers for compensation or hire over the public highways of this State without first having obtained from the Commission under the provisions of this Act, a certificate or permit declaring that the public convenience and necessity require such operation. * * *

"Any right, privilege, permit, or certificate held, owned or obtained by any motor-bus company under the provisions of this Act, may be sold, assigned, leased or transferred, or inherited; provided, however, that any proposed sale, assignment, lease or transfer shall be first presented in writing to the Commission for its approval or disapproval and the Commission may disapprove such proposed sale, assignment, lease, or transfer if it be found and determined by the Commission that such proposed sale, assignment, lease or transfer is not made in good faith or that the proposed purchaser, assignee, lessee or transferee is not able or capable of continuing the operation of the equipment proposed to be sold, assigned, leased or transferred, in such manner as to

render the service demanded by the public necessity and convenience on and along the designated route."

Subdivision (f), § 8, of the same article, providing:

"Every application filed with the Commission for an order approving the lease, sale, or transfer of any certificate of convenience and necessity, or stock of any corporation owning or controlling a 'motor bus company' shall be accompanied by a filing fee in the sum of Twenty-five ($25.00) Dollars, which fee shall be in addition to the other fees and taxes, and shall be retained by the Commission whether the lease, sale, or transfer of the certificate of convenience and necessity, or stock of any corporation owning or controlling a 'motor bus company' is approved or not, such fee to be paid by the purchaser."

In limine appellant files a motion to dismiss the appeal because not allowed by this court, claiming that the matter for review is a proceeding in bankruptcy arising under section 24b of the Bankruptcy Act, as amended in 1926 (11 USCA § 47(b), and not a controversy arising in bankruptcy under section 24a (11 USCA § 47(a).

█ The motion is plainly without merit, for the matter shows on its face to be an appeal from a judgment allowing in part, and rejecting in part, a claim of $500 or over. Section 25a(3), as amended (11 USCA § 48(a) (3).

Whatever of confusion may at one time have existed in the authorities over the distinction between proceedings in bankruptcy as distinguished from controversies arising in bankruptcy proceedings, that confusion has been dissipated by Taylor v. Voss, 271 U. S. 177, 46 S. Ct. 461, 70 L. Ed. 889; White v. Barnard, (C. C. A.) 29 F.(2d) 510; Advance Rumely Thresher Co. v. Wagner (C. C. A.) 29 F.(2d) 984; Baer v. Security Trust Co. (C. C. A.) 33 F.(2d) 861; Nixon v. Michaels (C. C. A.) 38 F.(2d) 420; Rutherford v. Elliott (C. C. A.) 18 F.(2d) 956, and Wilkinson v. Goree (C. C. A.) 18 F.(2d) 455.

Upon the merits of the appeal a simple question of law is presented, whether any public policy exists which defeats appellant's otherwise valid lien.

Both the referee and the District Judge denied appellant's claim to a lien because of such supposed public policy, the judge holding in effect that because the certificate evidenced a public franchise, and there was no express grant of power to mortgage given by the statute, it was not mortgageable; the referee that it was mortgageable but that, the mortgage not having been taken in the manner provided by the statute for a sale, it was invalid.

Both held that the certificate and the rights which it represented had been held by the bankrupt, and had passed to its creditors, notwithstanding the bona fide attempt to charge it free of lien.

With neither of these views can we agree, for each overemphasizes and looks too much to the public interest in the disposition of the certificate, too little to the private rights involved, both of which we believe are reconcilable only by recognition of appellant's lien.

██ The view of the District Judge, that since there is no express statutory authority to mortgage none can be implied, runs counter to the considered opinion of the Supreme Court in Willamette Mfg. Co. v. Bank of British Columbia, 119 U. S. 192, 7 S. Ct. 187, 30 L. Ed. 384, holding that the power of sale of a franchise includes the power to mortgage it, while the view of the referee that the mortgage is invalid because the statutory procedure for a sale was not followed, exalts the form over the substance.

Both of these views overlook the legal principle controlling here, that an attempted alienation of secondary franchises, in the nature of permits and licenses, such as that in question as distinguished from franchises to be (Cooper v. Utah Light Co., 35 Utah, 570, 102 P. 202, 136 Am. St. Rep. 1075; Farmers' Loan & Trust Co. v. Meridian Waterworks Co. (C. C.) 139 F. 661, 667; Memphis & Little Rock R. R. v. R. R. Com'rs, 112 U. S. 609, 5 S. Ct. 299, 28 L. Ed. 831; 12 R. C. L. § 42, p. 216; New Orleans Ry. v. Delamore, 114 U. S. 508, 5 S. Ct. 1009, 29 L. Ed. 244), is not subject to private attack, but on the contrary will be treated ordinarily as valid and effectual, except as against a direct attack brought by the state (12 R. C. L. p. 218; Evans v. Kroutinger, 9 Idaho, 153, 72 P. 882, 2 Ann. Cas. 691, and note; Galveston Causeway Const. Co. v. G., H. & S. A. Ry. [D. C.] 284 F. 137, 145; Arthur v. Commercial & R. R. Bank, 9 Smedes & M. [Miss.] 394, 48 Am. Dec. 719), and the corollary, that the certificate having been validly mortgaged, it may be sold to satisfy that mortgage (Memphis & Little Rock R. R. v. R. R. Com'rs, 112 U. S. 609, 5 S. Ct. 299, 28 L. Ed. 831; New Orleans R. R. Co. v. Delamore, 114 U. S. 501, 5 S. Ct. 1009, 29 L. Ed. 244; State of

Washington v. Sunset Tel. Co., 86 Wash. 309, 150 P. 427, L. R. A. 1917F, 1178).

This principle would have required recognition of appellant's lien as between the parties had appellant forced a sale of the certificate, and the contest here were between a purchaser at such sale who had not had his purchase approved by the commission and the bankrupt estate.

Here, however, no question of transfer in disregard or violation of the law is at all presented, and the case stands even stronger for appellant, for it appears that the transfer of the certificate from which the proceeds in controversy were realized, was effected in exact accordance with the law, and with the full approval of the commission.

We think it plain that the disposition of the case below has come about because of the setting up by the trustee of the straw man of public interest merely to knock him down, and that under cover of such feigned issue, the trustee has wrested judgment.

The judgment appealed from is reversed, and the cause is remanded, with directions to enter judgment for appellant.