## Scottish Union & National Insurance Co. v. Mundy.

(Decided Feb. 6, 1934.)

F. M. DRAKE and WILLIAM A. MINIHAN for appellant.
ANTHONY W. THOMSON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In July, 1931, the appellant Scottish Union & National Insurance Company, issued to Tobe Mundy, the appellee, an insurance policy in the sum of $1,000 insuring his dwelling house against loss by fire. In March, 1932, the house was completely destroyed by fire. Demand of payment of the policy was duly made and payment refused by the company on the ground that appellee was not the owner of the property. It is stipulated in the record that the only issue in the case is the ownership of the property covered by the policy of insurance sued on. Appellee, plaintiff below, was the only witness introduced, and the case was submitted to the chancellor on the law and facts, whereupon the chancellor adjudged that the plaintiff had shown sufficient ownership of the property to entitle him to recover under the policy and entered judgment accordingly, and from that judgment this appeal is prosecuted.

Appellee testified that he bought the lot of his mother in the year 1902; that his mother told him that if he would pay for half of the lot she would deed it to him; and that he paid his mother the price asked by her and she then deeded the lot to him. He further stated, however, that he never did see the deed, but that his mother said to him: "Son, I have fixed up the deed for you." He further testified that in the year 1905 he built a house on the lot which cost him $2,350; and that he had lived in and occupied this house continuously since the year 1905; that he listed the property with the assessor for taxes in his own name and had paid such taxes on it each and every year since 1902 up to the present time, and during all of this time had claimed and used the property as his own, and was the owner at the time the house was burned, 1932; his mother lived in a house on the rear end of the lot up to the year 1923, the date of her death; that the house in which she was living was burned about six months before she died, and she then came to his home and lived with him until her death. He testified that his mother had six children, five of whom are living. So far as the record discloses, none of the other children nor the heirs or representatives of the deceased child are making any claim to the insurance in controversy or to any interest in the property.

The point is made for appellant that appellee's testimony in so far as it relates to conversations or transactions with his deceased mother is incompetent. Conceding this to be true and that he has failed to show paper title to the property, then the question is whether or not there is sufficient competent evidence to establish title to his property by adverse possession. Aside from any transactions with or statements of his mother, he stated that he had been in possession of the property, claimed and used it as his own since the year 1902 and built the house thereon in the year 1905 at a cost of $2,350, all of which sum was paid by him, and that he had lived in and occupied his house, together with the soil on which it stood, continuously since that time; that he had listed it with the assessor for taxes in his own name and had paid the taxes thereon not only since he built the house in 1905 but since the year 1902, the time he took possession of the lot.

The argument is made for appellant that appellee's testimony is insufficient to support his claim of adverse

possessions, and in support of this contention the case of Ohio Valley Fire & Marine Ins. Company's Receiver v. Skaggs, 216 Ky. 535, 287 S. W. 969, 971, is cited and relied on as authority, wherein the court held in favor of the insurance company because the insured had obtained the property by a writing in which the husband, in violation of section 2128, Kentucky Statutes, did not join as grantor, wherein the court said:

> "No court could enforce this contract; hence the plaintiff acquired no title thereby, and was not the owner of this property, and had no insurable interest therein."

In the case, supra, like the instant case, there was no paper title shown, but unlike the instant case there was no claim of title by adverse possessions, or other source of title relied on. If the evidence of appellee is to be believed, which we must because it is uncontradicted, it could not be said in light of reason that he had not been in the open, notorious, and adverse possessions of the house and soil on which it stood, for more than fifteen years, the statutory period necessary to acquire title by adverse possessions, before the issuance of the policy and before the house was burned. As to whether appellee was in possession of or had title to the rear end of the lot where his mother lived previous to the time her house burned, is immaterial for the purpose of determining this case, because it is shown that he at least owned the house and soil on which it stood. Under the uncontradicted evidence of appellee, we are forced to the conclusion that he has at least shown prima facie evidence of title, and the appellant having failed to introduce any evidence to the contrary, it must fail in its defense. Million v. Riley, 1 Dana, 360, 25 Am. Dec. 149; Trimble v. Woodhead, 102 U. S. 647, 26 L. Ed. 290. The burden of proving that the ownership of the insured was not sole and unconditional is on the insurer. 14 R. C. L. sec. 229, p. 1053. Furthermore, it is not shown that appellee concealed any fact material to the risk. To avoid the policy there must be fraudulent concealment of a material fact. Niagara Fire Ins. Co. v. Layne, 170 Ky. 339, 185 S. W. 1136. There is no proof to show that appellee made any representations to the insurance company respecting the nature of his title, i. e., whether he had paper title or title by adverse possessions. He merely stated that he owned the property, and it is im-

material whether his ownership is derived from paper title or by adverse possessions.

Having these views, it is our conclusion that the judgment of the chancellor is correct.

The judgment is affirmed.