Drummond, G. J.
This is a bill filed by the assignee of William F. Noble for the purpose of removing a cloud from the title of a certain tract of land of which the bankrupt was the owner at the time the petition in bankruptcy was filed.
It is alleged in the bill that Mrs. Noble, the wife of the bankrupt, claims an interest in the land by virtue of her marriage with the bankrupt, and claims that the act of 1875, when the property was transferred to the assignee, operated upon it so as to make her interest in the land absolute.
The law of Indiana in relation to the right of the wife to the estate of which her husband was seized during marriage, and on which he had an equitable interest, was as follows: “A surviving wife is entitled to one-third of all the real estate of which her husband may have been seized in fee-simple at any time during the marriage, and in the conveyance of which she may not have joined in due form of law; and also of all lands in which her husband had an equitable interest at the ■time of his death.”
With that law in force the act of March 11, 1875, was passed, which declares “that in all cases of judicial sales of real property, in which any married woman has an inchoate *203 interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute, and vest in the wife in the same manner and to the same extent as such inchoate interest of married women now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vest in the purchaser thereof, his heirs and assigns, subject to the provisions of this act, and not otherwise.”
The property of the bankrupt having been transferred under the bankrupt law to the assignee, that has been declared by the supreme court of this state to be a judicial sale within the meaning of this act of the legislature, and so the act operates upon the interest which the husband may have had in real property. The difference between the interest which the husband has is that where he is seized of real estate the right of the wife cannot be divested without her consent. When he has merely an equitable interest in land he has the right to dispose of it at any time during his life. At the time of the bankruptcy, the bankrupt had an equitable interest in a tract of land in the county of Hamilton, in this state. It was a tract of school land, which had been sold in'conformity with the laws of this state, and a certificate of purchase had been given, which had been transferred by the purchaser to various parties, and finally had come by purchase into the possession of the bankrupt. Under the law of this state he had taken possession of the property, and had resided on it for a considerable time. The purchase was originally made in 1839. There was due upon the certificate of purchase, in order to consummate the title in the bankrupt, $700, which, of course, before a perfect title could be obtained, must be paid, and the bankrupt having .this equitable interest, the assignee made an application to the court for leave to raise the necessary amount to pay what was due. This was granted, and the money was raised, and the balance due on the land was paid by the assignee, thus entitling the purchaser or who *204 ever had the right under the certificate" to a perfect title to the land from the state.
The contention on the part of the wife is that by virtue of the act of 1875 her right became consummated, the property having been sold under a judicial sale, and that is the question involved in the cage. I think, under the general law of this state, that she is entitled to one-third of the interest which her husband had in this property at the time of this judicial sale, precisely as though he had died. And in this respect I differ from the district judge.
What does the language mean? “In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage.” The district court thought the term “inchoate” was one applicable to a case where the husband had an absolute title, a complete seizin, in the land, and that it did not apply to a case where there was merely an equitable interest, because in the one case the right of the wife could not be divested without her consent, and in the other it was in the power of the husband at any time to deprive her of her right; the language of the statute being express that she is only vested with the right to an equitable estate which her husband may own at the time of his death. But I am inclined to think the term is applicable to both kinds of estate — as well to the equitable interest as to the absolute interest in fee simple. Does it cease to be an inchoate interest simply because the husband has the power of disposition over the land ? I think not. It seems to me that where a married man has an equitable interést merely in land, that under the general law of this state, and within the meaning of this particular statute, it may be truly said that the wife has an inchoate interest in the land by virtue of her marriage, because if the husband retains that interest up to the time of his death the inchoate right becomes consummated. The only qualification is that he can deprive her of the right by disposing of the land.
Now, the statute of 1875 intended to place the rights of married women upon the same footing, in case of a judicial gale, as if the husband had died. An inchoate interest means *205 an imperfect interest — one that is begun and not completed. Take the ease of those states where the wife has only the right of dower in land of which the husband dies seized, and of which he has the absolute title: it has always been considered in such cases that although the husband can deprive the wife of her right of dower by disposing of the property, still her right has been admitted and called an inchoate right of dower. And so in this state the right which the wife has in lands — an inchoate interest, as it is called — in any equitable claim which the husband may have, although he can deprive her of it, still it is an interest which becomes vested and complete if the husband dies holding an equitable claim, or if disposed of by judicial sale; and it seems to me to be the duty of the court to give a liberal construction to these statutes for the benefit of married women. The law of this state does not give dower to the wife in the ordinary meaning of the term; that is to say, it does not give a life interest in one-third of the real property of the husband, but gives her an absolute estate in one-third of the real estate of the husband, in the manner heretofore stated.
This case is a strong illustration of the propriety of such a construction. This is a case where the husband took possession of the property with the wife, remaining on it for many years, cultivating it and making it their home, and yet if the wife has no interest in the land she is deprived of what would be her ordinary right under the law of this state.
There is another question proper for the court to consider, and that is the fact that this was a case of bankruptcy, where, in one sense, it may be said that the whole estate which the bankrupt owned belonged to his creditors, and inasmuch as it was necessary to raise out of the assets of the estate a sufficient sum in order to pay the balance which was due, and that belonging to creditors, it should go for their benefit.
There is a law of this state which provides that if the husband shall have made a contract for lands, and at the time of his decease the consideration in whole or in part shall not have been paid, but after his death the same shall be paid out of the proceeds of his estate, the widow shall have one-third *206 of said land in the same manner as if the legal estate had vested in the husband during the coverture; and it may be said, I think, with a great deal of force, that this judicial sale, being substantially the same thing, so far as the rights of the wife are concerned, as the death of the husband, that the right of the wife in a case like this should be protected in the same way as if the husband had actually died, and the proceeds of the estate had been used for the purpose of paying any balance that might be due.
In this case the balance was paid out of this very property ; that is, the money was raised out of this property by the assignee, and it may be said, I think, that the wife ought to contribute her quota, or it should' be deducted from the amount which has to be paid. In other words, she should bear her proportion of the share which is due on the property; but that, of course, can be arranged in the settlement of the various questions that exist in this case. If the property shall be sold, the proceeds will be held for the benefit of the creditors of the bankrupt’s estate, and also for the benefit of the wife, so far as she may be entitled to protection under the law.
The decree of the district court will be reversed, and a decree prepared in conformity with the opinion of this court.