McCracken *v.* Kuhn *et al.*

---

No. 7504.

## McCracken *v.* Kuhn et al.

Judicial Sale.—*Conveyance to Assignee of Real Estate of Bankrupt.*— *Wife's Interest.*—The conveyance of an adjudged bankrupt's real estate by the register to the assignee in bankruptcy is a "judicial sale," within the meaning of the act of March 11th. 1875, 1 R. S. 1876, p. 554, and the inchoate interest of the wife of the bankrupt becomes vested as soon as such conveyance is made.

Same.—*Partition by Wife.—Demand.*—Under such act the wife may maintain an action for partition without first making a demand therefor of the purchaser of the lands at a judicial sale.

From the Knox Circuit Court.

*J. C. Denny* and *H. Burns*, for appellant.

*W. H. De Wolf* and *S. N. Chambers*, for appellees.

Niblack, C. J.—This was an action for partition. At the request of the plaintiff, the court which tried the cause made a special finding of the facts established by the evidence, which may be briefly stated as follows :

That, on the 13th day of May, 1876, one Robert Mc-Cracken was the owner in fee-simple, and in possession, of the land described in the complaint ; that at that time Ella McCracken, the plaintiff, was the wife of the said Robert, and has ever since continued so to be ; that, on said 13th day of May, 1876, the said Robert filed his voluntary petition in bankruptcy in the District Court of the United States for

the District of Indiana, and was on that day, upon such petition, adjudged by said district court to be a bankrupt; that, on the 16th day of December, 1876, John W. Ray, as register in bankruptcy, in pursuance of the bankrupt act, executed to William H. H. Beeson, the assignee in bankruptcy of the said Robert, a deed of conveyance, conveying to the said Beeson, as such assignee, all the interest and estate of the said Robert in and to the land of which partition was demanded; that afterward, on the 4th day of September, 1877, Bernhard Kuhn and Hiram A. Foulks, the defendants, having in the meantime become the purchasers thereof, said land, by order of said district court, sitting in bankruptcy, was conveyed by the said Beeson, as such assignee, to said Kuhn and Foulks; that the plaintiff made no proof of any demand upon the defendants for partition of the land in controversy before the commencement of this action.    Upon the facts thus found the court came to conclusions of law as follows:

First.  That the sale and conveyance of the land in suit by Beeson, as such assignee, to the defendants, as above stated, was not a judicial sale within the meaning of the act of March 11th, 1875, concerning certain inchoate interests of married women.

Second.  That the provisions of that act apply only to sales made under some judgment or decree rendered under the authority of the laws of this State.

Third.  That before an action for partition can be maintained by a married woman, under the act of March 11th, 1875, *supra*, a demand must have been made by her upon the owner or owners of her husband's late interest in the land which had been sold at a judicial sale.

The court, therefore, held that, upon the facts as found by it, the plaintiff was not entitled to have partition of the land in dispute, and, over her exceptions to the several conclu-

McCracken v. Kuhn et al.

sions of law set out as above, rendered judgment for the defendants.

According to the doctrine of the very carefully considered case of *Roberts* v. *Shroyer*, 68 Ind. 64, which has been decided since this cause was tried, the conveyance from Ray, as register, to Beeson, as assignee, in bankruptcy, was a judicial sale within the meaning of the act of March 11th, 1875, and the inchoate interest of Mrs. McCracken became a vested interest as soon as that conveyance was made.

The question as to whether a demand for partition was necessary before the commencement of this suit is one, perhaps, not entirely free from difficulty, but we have reached the conclusion that such a demand was not necessary.

The 1st section of the act of March 11th, 1875, provides, "That when such inchoate right shall become vested, under the provisions of this act, such wife shall have the right to the immediate possession thereof, and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her." Acts 1875, Reg. Sess., p. 178.

The proper construction of this provision appears to us to be, that when the wife shall be unable to obtain partition by agreement with the owner of the lands in which her inchoate interest has become so vested, she may demand to have her interest set off to her by the institution of compulsory proceedings for that purpose, thus recognizing her right to immediate partition as well as to immediate possession.

No previous demand has ever been held to be necessary for the maintenance of an ordinary action for partition, and we are unable to see any reason for believing that the Legislature intended to establish a different rule in cases like this.

The general law for the partition of lands, 2 R. S. 1876, p. 343, sections 9 and 18, refers, in an incidental way, to a demand for partition, as the equivalent of an action for partition, and it is in that sense, we think, the word "demand"

is used in the provision of the act of March 11th, 1875, above quoted. We are, therefore, of the opinion that the court below erred in its conclusion that the plaintiff was not entitled to have partition upon the facts as found by it.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.