TAYLOR, TRUSTEE, ET AL. *v.* VOSS, TRUSTEE.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SEVENTH CIRCUIT.

No. 199. Argued March 8, 9, 1926.—Decided May 3, 1926.

1. The "controversies arising in bankruptcy proceedings" referred to in § 24a of the Bankruptcy Act, include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. P. 180.

2. In such "controversies" the decrees of the court of bankruptcy may be reviewed by appeals which bring up the whole matter and open both the facts and the law for consideration. P. 181.

3. The "proceedings" in bankruptcy referred to in § 24b are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. In such administrative matters—as to which the courts of bankruptcy proceed in a summary way in the final settlement and distribution of the estate—their orders and decrees may be reviewed by petitions for revision which bring up questions of law only. P. 181.

4. The essential distinction between the different methods provided for reviewing the orders and decrees of the courts of bankruptcy is, that "controversies" in bankruptcy proceedings, arising between the trustee representing the bankrupt and his creditors, on the one side, and adverse claimants on the other, affecting the extent of the estate to be distributed, may be reviewed both as to fact and law; while "proceedings" in bankruptcy affecting merely the administration and distribution of the estate, may be reviewed in matter of law only, except as to the three classes of such "proceedings" enumerated in § 25a, as to which a short right of appeal is given, both as to fact and law. P. 181.

5. Although a petition for revision cannot be treated as an appeal for the purpose of enlarging the scope of the review so as to extend to questions of fact, where a matter which is only reviewable in law is taken up by an appeal, the Circuit Court of Appeals, if the question of law is sufficiently presented on the record, may treat

the appeal as a petition for revision and dispose of it accordingly. P. 182.

6. A petition filed by the trustee, in the bankruptcy proceeding, to determine an adverse claim to an interest in the bankrupt's real estate, based on the statutory rights of his wife, is a " controversy " which may be reviewed by appeal under § 24a of the Bankruptcy Act. P. 182.

7. Section 4 of the Jurisdictional Act of 1916, providing that no appellate court " shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out," can not be extended by implication to the special provisions of the Bankruptcy Act as to appeals and petitions for revision. P. 182.

8. In a " controversy " in a bankruptcy proceeding, when the facts are undisputed or no longer in question, it is not necessary to resort to an appeal under § 24a, but the controlling questions of law may also be reviewed by a petition for revision under § 24b, whether they relate merely to the jurisdiction of the bankruptcy court or to the merits of the controversy. P. 182.

9. Such a review by petition for revision, is a concurrent remedy merely, and cannot, irrespective of any other limitation, be deemed an additional remedy which may be resorted to after the time for an appeal has expired. P. 187.

10. The right of inheritance, free from demands of creditors, granted by Indiana Rev. Stats. (1881), §§ 2483, 2491, to a widow upon the death of her husband, remains contingent during his life and can not be held to mature at his bankruptcy upon the theory that the adjudication brings about his " civil death." P. 187.

11. The adjudication of a husband as a bankrupt, followed by appointment of a trustee in bankruptcy, operates as a " judicial sale " of his real estate within the meaning of the Indiana Judicial Sales Act, (Rev. Stats. 1887, §§ 2508, 2509,) in virtue of which the wife's inchoate interest in his real estate (not exceeding $20,000) thereupon becomes absolute and free from the demands of creditors as, and to the extent, provided by §§ 2483–2491 in case of his death. P. 188.

1 Fed. (2d) 149, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals which reversed, on a petition to revise, an order of the District Court sustaining the claim of Taylor, as testamentary trustee of a bankrupt's deceased wife, to an

interest in her husband's real estate. The controversy was initiated by a petition filed in the bankruptcy proceedings by the trustee in bankruptcy, Voss.

Mr. Daniel H. Ortmeyer, with whom Mr. Harold Taylor was on the brief, for petitioners.

Mr. Henry B. Walker, with whom Mr. James T. Walker was on the brief, for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

In December, 1921, Wilbur Erskine, a married man, residing and owning real estate in Indiana, was adjudged a bankrupt on his voluntary petition in the federal District Court for that State. In February, 1922, the respondent Voss was appointed the trustee in bankruptcy. In March, before any sale of the real estate, the bankrupt's wife, Mary E. Erskine, died testate, leaving by her will her entire property to the petitioner Taylor, as testamentary trustee. In May, the trustee in bankruptcy filed a petition in the bankruptcy proceeding, alleging that the testamentary trustee claimed an interest in the real estate of the bankrupt, and praying that he be required to set up this claim, and that such interest be fixed by the court and the right to sell the real estate free from such claim be declared. The testamentary trustee answered, alleging that upon the adjudication in bankruptcy Mrs. Erskine had become absolutely vested under the state laws and the Bankruptcy Act, with a wife's interest in the real estate of her husband, to which she was entitled at the time of her death; and also praying that the court fix this interest. Pending a hearing as to this claim, the real estate was sold by the trustee in bankruptcy, by consent, for $36,870; under an agreement that not less than one-fifth of the proceeds should be held by

him to protect whatever rights the testamentary trustee might have in the real estate, and that, if the final decision should be in favor of the latter, the trustee in bankruptcy should pay over to him the amount found to be due on account of his interest in the real estate. Thereafter, the question as to the disposition of the proceeds of sale was submitted to the referee under the foregoing agreement and a stipulation as to the facts, as they have been set out. Upon this hearing the referee held that the testamentary trustee was entitled to receive one-fifth of the proceeds of sale, amounting to $7,374, and directed that this sum be paid to him by the trustee in bankruptcy. This order was confirmed by the District Judge. Within two months thereafter the trustee in bankruptcy filed a petition in the Circuit Court of Appeals for a revision of this order in matter of law, under § 24b of the Bankruptcy Act.[1] The testamentary trustee moved to dismiss this petition on the ground that it presented a controversy arising in the bankruptcy proceeding which could be reviewed only by an appeal under § 24a of the Act. The Court of Appeals denied this motion, on the ground that, while the petition presented such a controversy the matter might nevertheless be considered as though it had been brought up by appeal, in accordance with the provisions of § 4 of the Jurisdictional Act of 1916.[2] And, thus considering the matter, the court held, that upon the death of Mrs. Erskine before the real estate had been sold, all her right therein had been extinguished, and no interest had passed to the testamentary trustee; and accordingly reversed the order of the District Court. 1 F. (2d) 149. This writ of certiorari was then granted. 267 U. S. 588.

The contentions of the testamentary trustee are: (1) That the Circuit Court of Appeals had no jurisdiction to

---

[1] 30 Stat. 544, c. 541.   [2] 39 Stat. 726, c. 448.

review the order of the District Court under the petition for revision; and (2) that, even if such jurisdiction existed, the decree reversing that order was erroneous as a matter of law.

1. The first of these contentions requires a consideration of the provisions of the Bankruptcy Act dealing with the review of proceedings in courts of bankruptcy in the exercise of the appellate and supervisory jurisdiction of the Circuit Courts of Appeals.

By § 24a of the Act the Circuit Courts of Appeals are " invested with appellate jurisdiction of controversies arising in bankruptcy proceeding from the courts of bankruptcy." By § 24b they are given jurisdiction " to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy . . . on due notice and petition by any party aggrieved." And by § 25a it is provided that appeals " in bankruptcy proceedings " may be taken to them, within ten days, from judgments as to adjudications of bankruptcy, discharges, and claims of five hundred dollars or over.

These provisions—which are to be read in the light of the provision in § 23a, giving the District Courts, as the successors of the Circuit Courts, general jurisdiction in plenary actions of " controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees,"—have given rise to much conflict of opinion in the various Circuit Courts of Appeals in respect of the distinction between " controversies arising in bankruptcy proceedings " and mere " proceedings " in bankruptcy, and the procedure by which they may be brought up for review.

It is now settled by the decisions of this Court, that the " controversies arising in bankruptcy proceedings " referred to in § 24a, include those matters arising in the course of a bankruptcy proceeding, which are not mere

steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. *Hewit* v. *Berlin Machine Works,* 194 U. S. 296, 300; *Coder* v. *Arts,* 213 U. S. 223, 234; *Tefft & Co.* v. *Munsuri,* 222 U. S. 114, 118; *Swift & Co.* v. *Hoover,* 242 U. S. 107, 109. In such "controversies" the decrees of the court of bankruptcy may be reviewed by appeals which bring up the whole matter and open both the facts and the law for consideration. *Duryea Power Co.* v. *Sternbergh,* 218 U. S. 299, 302; *Houghton* v. *Burden,* 228 U. S. 161, 165.

On the other hand, the "proceedings" in bankruptcy referred to in § 24b are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. *Matter of Loving,* 224 U. S. 183, 189. In such administrative matters—as to which the courts of bankruptcy proceed in a summary way in the final settlement and distribution of the estate, *U. S. Fidelity Co.* v. *Bray,* 225 U. S. 205, 218 [3]—their orders and decrees may be reviewed by petitions for revision which bring up questions of law only, *Duryea Power Co.* v. *Sternbergh, supra,* 302.

It thus appears that the essential distinction between the different methods provided for reviewing the orders and decrees of the courts of bankruptcy is, that "controversies" in bankruptcy proceedings, arising between the trustee representing the bankrupt and his creditors, on the one side, and adverse claimants on the other, affecting the extent of the estate to be distributed, may be reviewed both as to fact and law; while "proceedings" in bankruptcy affecting merely the administration and distribution of the estate, may be reviewed in matter of law only,

---

[3] Many of these administrative matters are enumerated at p. 207.

except as to the three classes of such "proceedings" enumerated in § 25a, as to which a short right of appeal is given, both as to fact and law. Furthermore, apart from the scope of the review permitted by the Act, the distinction between an appeal and a petition for revision in the mere matter of form, is immaterial. Thus, although a petition for revision cannot be treated as an appeal for the purpose of enlarging the scope of the review so as to extend to questions of fact, *Duryea Power Co.* v. *Sternbergh, supra,* 302, where a matter which is only reviewable in law is taken up by an appeal, the Circuit Court of Appeals, if the question of law is sufficiently presented on the record, may treat the appeal as a petition for revision and dispose of it accordingly. *Bryan* v. *Bernheimer,* 181 U. S. 188, 193; *Holden* v. *Stratton,* 191 U. S. 115, 118, 119; *Duryea Power Co.* v. *Sternbergh, supra,* 301.

Coming then to the procedural question involved in the present case, it is clear, in the first place, that, as was held by the Circuit Court of Appeals, the matter presented is a "controversy" between the trustee in bankruptcy and the testamentary trustee, as an adverse claimant, in respect to the title to the bankrupt's estate, which might have been reviewed by an appeal under § 24a of the Bankruptcy Act. *Hewit* v. *Berlin Machine Works, supra,* 300; *Knapp* v. *Milwaukee Trust Co.,* 216 U. S. 545, 553; *Houghton* v. *Burden, supra,* 165; *Greey* v. *Dockendorff,* 231 U. S. 513, 514; *Globe Bank* v. *Martin,* 236 U. S. 288, 296; *Bailey* v. *Baker Machinery Co.,* 239 U. S. 268, 270; *Moody* v. *Century Bank,* 239 U. S. 374, 377; *Benedict* v. *Ratner,* 268 U. S. 353, 358. And if, under the provisions of the Bankruptcy Act, an appeal was the only method by which this "controversy" could be reviewed, we think it is clear that there was no warrant for treating the petition for revision as bringing the matter up on appeal, under the provision of § 4 of the Jurisdictional Act of

1916, that no appellate court " shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out." This remedial provision, as plainly appears from the language used and the entire context, was intended to apply only to the general distinction between appeals and writs of error, obtaining from the foundation of our judicial system and cannot be extended by implication to the special provisions of the Bankruptcy Act as to appeals and petitions for revision, to which no reference whatever was made.

On the question whether the method of reviewing a " controversy " in bankruptcy provided by § 24a of the Bankruptcy Act, is necessarily exclusive of that provided by § 24b, that is, whether a controversy which may be reviewed both as to fact and law by an appeal under § 24a, may also, when the facts are undisputed, be reviewed in matter of law by a petition for revision under § 24b, there has been an irreconcilable conflict of decisions in the various Circuit Courts of Appeals. This had led to much confusion and to the determination of many cases upon the procedural question merely, without reference to the merits. See cases collected in 8 Remington on Bankruptcy, 3d ed., §§ 3704, 3706, 3734.[4]

---

[4] It was said in *Re Holmes* (C. C. A.), 142 Fed. 391, 392, that the question whether the appellate and revisory jurisdiction of the courts of appeals are exclusive of each other " has resulted in such contrariety of decision relative to the proper method of review of specific orders and such confusion and uncertainty in the practice that it has become necessary for lawyers in many instances to take an appeal and file a petition for revision in the same case in order to be sure to obtain a review of the ruling challenged. . . . Moreover, . . . a large share of the time and labor of the judges of the courts of appeals, and of the lawyers who assist them, and no insignificant portion of the means of the litigants, all of which are imperatively demanded for the decision of the merits of the questions the parties

This precise question, in the broad form in which it is now presented, has not been specifically decided by this Court. It is true that in *Matter of Loving, supra,* 188, there was general language, incidentally used, which if taken broadly, indicates that "controversies" which are appealable under § 24a cannot be reviewed by petitions for revision under § 24b. But, according to a familiar rule, this language should be regarded as limited by the circumstances in which it was used. *Cohens* v. *Virginia,* 6 Wheat. 264, 399; *Bailey* v. *Baker Ice Machine Co., supra,* 272. The case did not present a "controversy" appealable under § 24a, but, as was explicitly stated, a "proceeding" in bankruptcy relating to a proof of claim filed by a creditor, with the incidental assertion of a statutory lien, as to which a special appeal was granted by § 25a, to be taken with ten days. The trustee contested both the amount of the claim and the existence of the lien. The bankruptcy court allowed the claim for its full amount as a lien against the bankrupt estate. Thereupon, more than ten days thereafter, the trustee filed a petition for a revision of this order, abandoning his contest as to the amount of the claim, and insisting merely that there was error in matter of law in allowing the lien as security. On a certificate from the Circuit Court of Appeals, presenting the single question whether, under these circumstances, the order of the bankruptcy court could be reviewed upon a petition for revision, it was held that § 24b "was not intended to give an additional remedy to those whose rights could be protected by an appeal under § 25 of the Act." And, since no question as to the effect of § 24a was presented by the certificate

seek to present, or of still more important issues of law, are consumed in the litigation, determination, and preparation of opinions concerning the question whether an order or proceeding in bankruptcy which is clearly reviewable must be reviewed by appeal or by petition for revision."

or involved in the decision, it is clear that its effect must be limited, as a controlling authority, to the holding that when the ten days had expired within which the special appeal might have been taken under § 25a, bringing up both the facts and the law, the trustee could not thereafter, by abandoning his contention of fact, obtain by a petition for revision a review of the question of law which he might have obtained by an appeal taken within the prescribed time, and thereby extend, as to the question of law, the time within which he was entitled to obtain a review of the order.

On the other hand, in *Hewit* v. *Berlin Machine Works*, supra, 299, presenting a " controversy " in a bankruptcy proceeding in which the facts were not disputed that had been reviewed by an appeal under § 24a, it was distinctly recognized that a review might also have been had in matter of law by a petition for revision under § 24b. And it is well settled by other decisions of this Court that a " controversy " in bankruptcy proceedings may be reviewed by a petition for revision as to some matters of law, at least. Thus, where a trustee has instituted a summary proceeding in a bankruptcy court for the recovery of property in the possession of a third person asserting a claim adverse to the bankrupt estate, a petition for revision will lie to bring up for review the question of law whether the court of bankruptcy has jurisdiction to adjudicate the merits of such controversy in a summary proceeding. *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18, 25; *Schweer* v. *Brown,* 195 U. S. 171, 172; *Galbraith* v. *Vallely,* 256 U. S. 46, 48; *Taubel Co.* v. *Fox,* 264 U. S. 426, 429. An analogous rule was also applied in *Weidhorn* v. *Levy,* 253 U. S. 268, 270. There the trustee had filed in the bankruptcy suit a bill in equity against an adverse claimant, thereby instituting a " controversy " in the bankruptcy proceeding. The referee, over an objection to his jurisdiction, had entertained the bill and en-

tered a final decree in favor of the trustee. The District Judge, considering the jurisdictional question alone, dismissed the bill upon the ground that the referee had exceeded his powers. This question was taken to the Circuit Court of Appeals by a petition for revision, and, while this Court said that, if the District Court had sustained the jurisdiction and passed upon the merits, the decree could only have been reviewed by an appeal— evidently referring to a review both of fact and law— it was held that " since the decision turned upon a mere question of law as to whether the referee had authority to hear and determine the controversy—in effect a question of procedure—it properly was reviewable by petition to revise under § 24b." And, subsequently, it was tacitly assumed by this Court, in two decisions, without question, that where trustees had instituted summary proceedings in the bankruptcy courts involving controversies with third persons asserting adverse claims to the property of the bankrupts, the Circuit Courts of Appeals had jurisdiction under petitions for revision to determine all the questions of law presented on the undisputed facts, both as to the summary jurisdiction of the bankruptcy courts and the merits of the controversies; and this Court based its judgments upon a review of the questions of law thus presented, both as to the existence of summary jurisdiction and the merits. *Chicago Board of Trade* v. *Johnson*, 264 U. S. 1, 6; *May* v. *Henderson*, 268 U. S. 111, 112.

In the light of these decisions,—bearing in mind that the only distinction in matter of substance between an appeal and a petition for revision is that the one brings up for review questions both of fact and law, and the other, those of law merely, and finding nothing in the letter of the Act which necessarily makes the comprehensive remedy of an appeal as to both fact and law, exclusive of the narrower remedy of a petition for revision in matter

of law,—we conclude that, in a "controversy" arising in a bankruptcy proceeding, it is not essential to a review, when the facts are undisputed or no longer questioned, that resort should be had to an appeal under § 24a; but that in such case the controlling questions of law may also be reviewed by a petition for revision under § 24b, whether they relate merely to the jurisdiction of the bankruptcy court or to the merits of the controversy. Such a review, however, by petition for revision, is a concurrent remedy merely, and in conformity with the decision in the *Loving Case,* cannot, irrespective of any other limitation, be deemed an "additional remedy" which may be resorted to after the time for an appeal has expired. This construction of the Act is, we think, consistent with its letter; accords with its spirit and manifest purpose; and gives it a practical effect removing in large measure the technical question of procedure which has so greatly obstructed its efficient administration, and served in so many instances as a trap, not intended by Congress, to unwary persons enmeshed in abstruse perplexities.

It results that, as the controversy in the present case was presented in the bankruptcy proceeding by consent of the parties, for determination as a matter of law on stipulated facts, it was properly reviewable by the Circuit Court of Appeals in such matter of law under the petition for revision.

2. This brings us to the questions presented upon the merits, whether Mrs. Erskine at the time of her death was vested with any interest in the real estate of the bankrupt; and if so, the extent of such interest.

The testamentary trustee contends, alternatively, that under the statutes of Indiana she became vested with a one-fifth interest in all the real estate when her husband was adjudged a bankrupt; or, if not, then with a lesser interest when the trustee in bankruptcy was appointed.

The first contention is based upon the Indiana statute of descent, which provides that: "If a husband die . . . leaving a widow, one-third of his real estate shall descend to her in fee-simple, free from all demands of creditors: *Provided, however,* That where the real estate exceeds in value ten thousand dollars, the widow shall have one-fourth only, and where the real estate exceeds twenty thousand dollars, one-fifth only, as against creditors." Ind. Rev. Stat. (1881), § 2483; also § 2491, to the same effect. This contention lacks any substantial basis. The statute creates no estate in the wife during her husband's lifetime, but merely an inchoate and contingent interest, which depends upon her survivorship and is extinguished if she dies before him. *Thompson* v. *McCorkle,* 136 Ind. 484, 495, 497; *Fry* v. *Hare,* 166 Ind. 415, 420. The argument that the adjudiction of a husband as a bankrupt brings about his "civil death," so that his wife is to be regarded as a "widow" within the meaning of the statute, vested by virtue of the adjudication with the interest in his real estate which would have descended to her if she had survived him, is inconsistent with the provisions of the Bankruptcy Act, the language of the Indiana statute, and the decisions of the courts of the State; and the contention was rightly denied by the Circuit Court of Appeals.

The alternative contention of the testamentary trustee is based upon the Indiana Judicial Sales Act, which provides that: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, . . . such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband . . . shall become absolute and vested in the purchaser thereof"; but this provision shall not

apply to so much of such real property as exceeds in value twenty thousand dollars. Ind. Rev. Stat. (1881), §§ 2508, 2509.[5]

It is settled by repeated decisions of the Supreme Court of Indiana that under the Bankruptcy Act of 1867[6] a conveyance made by the judge or register in bankruptcy of the real estate of an adjudged bankrupt to his assignee in bankruptcy, was " a judicial sale " within the meaning of the Indiana statute, and that the inchoate interest of the bankrupt's wife in such real estate thereupon became absolute and vested in her in the same manner as it would have done in case of his death. *Roberts* v. *Shroyer,* 68 Ind. 64, 67; *Ketchum* v. *Schicketanz,* 73 Ind. 137, 143; *McCracken* v. *Kuhn,* 73 Ind. 149, 151; *Haggerty* v. *Byrne,* 75 Ind. 499, 502; *Lawson* v. *DeBolt,* 78 Ind. 563, 565; *Leary* v. *Shaffer,* 79 Ind. 567, 570; *Straughan* v. *White,* 88 Ind. 242, 246; *Mattill* v. *Baas,* 89 Ind. 220, 222; *Ragsdale* v. *Mitchell,* 97 Ind. 458, 460; *Mayer* v. *Haggerty,* 138 Ind. 628, 634. This rule was also followed by the federal court in Indiana, in *Warford* v. *Noble* (C. C.), 2 Fed. 202, 203. In *Roberts* v. *Shroyer, supra,* 67, it was said that " the foundation of all subsequent proceedings in bankruptcy, including the conveyance by the judge or register to the assignee, is the previous adjudication of the debtor's bankruptcy. That adjudication gives character to the conveyance made by the judge or register to the assignee, and makes it a judicial sale. It is judicial because it is founded on the judgment of the court . . . That the conveyance thus made by the judge or register must be regarded as a sale within the meaning of our statute, we think is equally clear."

---

[5] The Circuit Court of Appeals, misapprehending, it appears, the position taken by the testamentary trustee, and thinking that he did not claim any title under the Judicial Sales Act, did not pass upon this contention.

[6] 14 Stat. 517, c. 176.

In *Harlin* v. *American Trust Co.*, 67 Ind. App. 213, 220, it was held by the Appellate Court of Indiana that these decisions applied with full force to cases arising under the present Bankruptcy Act, and that an adjudication in bankruptcy followed by the appointment of a trustee, in whom, under § 70 of the Act, title to the bankrupt's property was vested by operation of law, likewise operated as a " judicial sale " within the meaning of the Indiana statute and made absolute the interest of the bankrupt's wife in the real estate.

We see no substantial distinction, so far as the reasoning of the Indiana courts is concerned, between the cases arising under the Bankruptcy Act of 1867 and under the present Bankruptcy Act, since under both Acts the transfer of title to the bankrupt's property is based, in its last analysis, upon the adjudication in bankruptcy, that is, rests upon the judgment of the bankruptcy court, carried into effect in the one case by a conveyance to the assignee, and in the other by transfer to the trustee by operation of the law.

In the absence of any conflicting provision in the Bankruptcy Act the question of a wife's interest in the bankrupt's property is governed by the local law. See *Stellwagen* v. *Clum*, 245 U. S. 605. And, following the construction placed upon the Indiana statute by the courts of that State, we conclude that the adjudication of Erskine as a bankrupt, when followed by the appointment of the trustee in bankruptcy, operated as a " judicial sale " of his real estate within the meaning of the statute, and made absolute his wife's interest therein.

Since, however, the application of this statute is expressly limited to $20,000 in value of the husband's real estate, and by the statute of descent the widow's share in real estate exceeding $10,000 and not exceeding $20,000 in value, is one-fourth, it follows that the testamentary trustee was only entitled to receive out of the proceeds of

the sale, one-fourth of $20,000, that is, $5,000, and not the one-fifth of the entire proceeds which was awarded to him by the District Court.

The decree of the Circuit Court of Appeals is. accordingly reversed, and the cause remanded to the District Court for further proceedings in accordance with this opinion.

*Reversed and remanded.*