15 F.2d 371 (1926)
In re WHITE.
DEWEY
v.
BLUMAUER-FRANK DRUG CO. et al.
No. 4779.
Circuit Court of Appeals, Ninth Circuit.
October 25, 1926.
Edgar M. Swan, of Vancouver, Wash., for appellant.
Wm. B. Layton, N. Ray Alber, and Edward A. Boyrie, all of Portland, Or., for appellees.
Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.
RUDKIN, Circuit Judge.
General Order in Bankruptcy XIII provides that the appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee or by the judge.
This is an appeal by a deposed trustee from an order of the court or judge reversing an order of the referee approving the appointment of the trustee and directing a new election. The appellees have moved to dismiss the appeal upon the ground that the order is not appealable and because no bond was given, as required by law. No doubt the order was an administrative one, and should have been brought here for review by petition for revision, and not by appeal; but, under the decision of the Supreme Court in Taylor v. Voss, 46 S. Ct. 461, 70 L. Ed. 889, decided May 3, 1926, the appeal will be treated as a petition for revision. Of course, the fact that the order has been brought here by appeal will not enlarge the reviewing power of this court. On petition for revision no bond is required. The motion to dismiss is denied.
After reciting the summary of the evidence, as certified by the referee, the court below said:
"From the foregoing statement of the evidence, despite the denials of the bankrupt, it is clear that he actively interested himself in securing the election, by the creditors, of the trustee; that his father's claim  without the vote of which the trustee would not have been elected  was voted for the trustee, at his instigation. While no witness has testified to the latter fact, all the relevant circumstances in the case indicate that it was so."
The foregoing finding is a proper deduction from the testimony and was ample justification for the order made. In re McGill, 106 F. 57, 45 C. C. A. 218, Judge Day said:
"The authorities, both under the present act [Comp. St. § 9585 et seq.] and the act of 1867 [14 Stat. 517], are united in maintaining the proposition that the bankrupt has no right to a voice in the choice of an assignee or trustee. Such officer is the representative of the creditors. He is often required to act in opposition to the bankrupt. He must investigate conveyances alleged to have been made in violation of the bankrupt law. He must see to it that the estate is administered to the end that creditors may be benefited, and as large a sum as practicable realized for the payment of their claims. Interference by the bankrupt  the voting of claims in his interest or at his direction  has always been discountenanced by the courts, and held to invalidate a choice of trustee thus secured."
The order is affirmed.