McBEE v. PALMER.
No. 7375.

Circuit Court of Appeals, Ninth Circuit.
Nov. 5, 1934.

C. J. Henderson and Alfred McBee, both of Mount Vernon, Wash., for appellant.

Clarence J. Coleman, of Everett, Wash., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

One O. E. Thompson was employed as cashier in the Bank of Stanwood, Wash. The president of the bank checked the records and account of the cashier during the middle of August, 1929, and, finding the cashier short $2,500, suspended him from further duty. Thompson stated to Mr. Brokaw, president of the Bank of Stanwood, that he owned stock and would arrange to repay the shortage in a few days. Thompson thereupon applied to one L. C. Palmer, president of the Citizens' Bank of Arlington, Wash., for a loan in the sum of $2,000, presenting a financial statement (which later proved to be false) representing himself to have a net worth of over $17,000, when at the time he was hopelessly insolvent. The loan was made unsecured and the money paid by draft to Thompson, who thereupon indorsed the same to the National Bank of Commerce in Seattle and had issued two cashier's checks of that bank, each for $1,000. These, together with $500, he delivered to the Bank of Stanwood on September 5, 1929. On the same day the bank accepted Thompson's resignation from the position of cashier. Subsequently, in the absence of Mr. Palmer, Thompson left with the Arlington Bank a bill of sale to a boat as security for the loan. At the end of 1929 Thompson was arrested, charged with certain fraudulent practices, and jailed. On January 16, 1930, he was adjudicated an involuntary bankrupt. The trustee demanded and obtained from the Arlington Bank a surrender of the boat. He brought suit against the Bank of Stanwood to recover the $2,000 on the ground of preference, obtained judgment and the $2,000. The

Arlington Bank assigned its claim to the $2,000 to L. C. Palmer, who learned of the relation of the sum recovered by the trustee from the Bank of Stanwood to that loaned Thompson. Palmer objected to this money being distributed to creditors and petitioned the court to enter an order adjudging the fund to be held in trust and that he had an equitable lien thereon, and that the money be turned over to him in liquidation of his claim. The Referee overruled Palmer's petition and the latter petitioned for review of the Referee's decision. The District Court sustained the exceptions to the Referee's decision and decreed an equity lien upon the funds in question in favor of Palmer.

The trustee filed a notice of appeal from this order and an assignment of errors based thereon. No formal order allowing appeal was procured, nor was citation on appeal issued.

Appellee moves to dismiss the purported appeal for failure to procure order allowing the same and for failure to have citation on appeal issued and served.

Mr. O'Brien, in his Manual of Federal Appellate Procedure (1933 Cu. Supp. p. 55) says:

"It is essential that the petition for appeal and assignment of errors be filed within the time limited by statute; that the papers be withdrawn from the file temporarily and presented to the judge or court for formal allowance of appeal.

"The duty imposed upon counsel of obtaining the allowance of appeal within the statutory time cannot be stressed too strongly. Not only must the petition for appeal and assignment of errors be filed within the time limited, but counsel must do all in his power to obtain the order allowing appeal within the time limited; he himself must present the petition, assignment of errors and order allowing appeal, order fixing amount of bond, bond for approval, and citation on appeal, to the judge or court within the time limited, and, if possible, obtain the allowance within such time."

The losing party is generally entitled to an appeal as a matter of right, but, as appears from the above, the appeal must be perfected, else the case is not properly before the Circuit Court of Appeals for review. This is the view of the text-writers. 8 Hughes, Federal Practice, § 5432, p. 22; Montgomery, Federal Jurisdiction and Procedure, § 1078, p. 824.

After an exhaustive review of the authorities, the Circuit Court of Appeals for the

Sixth Circuit, in Ross v. White, 32 F.(2d) 750, 752, says that: " * * * The mere filing with the clerk of an application or notice of appeal, not presented to the judge, cannot be construed as an application 'duly made,' within the language of 28 USCA § 230, which in terms refers to an allowance. Such application, to be in due form, must be made to the judge and acted upon by him. * * * "

The case of Robie v. Hart, Schaffner & Marx, 40 F.(2d) 871 (C. C. A. 8), discusses the Act of January 31, 1928 (28 USCA §§ 861a, 861b note), which abolished writs of error and substituted the "notice of appeal" for the time-honored application therefor and allowance by the judge. This change in the method of taking an appeal was short lived for the Act of April 26, 1928 (28 USCA § 861b), restored the mode of exercising the right to appeal and of invoking such relief. This case holds that the "notice of appeal" is not sufficient to perfect an appeal but that application therefor must be duly made and an allowance had. See, also, Von Holt v. Carter et al., 56 F.(2d) 61, 63 (C. C. A. 9); American Seating Co. v. Bullard, 290 F. 896, 897, 899 (C. C. A. 6); Share v. U. S., 50 F.(2d) 669, 670 (C. C. A. 8).

Section 230 of 28 USCA, regulating generally the time for appeals, contains the words " * * * Unless application therefor be duly made * * *."

Thus it may be seen that, unless there is some definite statement in the Bankruptcy Act specially excepting certain appeals within which exception this case must fall, the purported appeal must be dismissed. Appeals which may be taken under the Bankruptcy Act are of two classes, those which are "proceedings in Bankruptcy" and those which are "Controversies in Bankruptcy." Taylor v. Voss, 271 U. S. 176, 180, 46 S. Ct. 461, 463, 70 L. Ed. 889, states that " * * * 'controversies arising in bankruptcy proceedings' referred to in section 24a [11 USCA § 47 (a)], include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. * * * " Continuing, the court said: "On the other hand, the 'proceedings' in bankruptcy referred to in section 24b [11 USCA § 47 (b)] are those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate. * * * "

An appeal is taken, in the latter instance, by application therefor duly made to the appellate court, and the allowance of the appeal is discretionary with the Circuit Court of Appeals.

Unquestionably the subject-matter of this case involves a "controversy" as defined by Taylor v. Voss, supra, and an application for allowance of appeal need not be made to the appellate court. The right to appeal in a "controversy" is absolute, but may the appeal be taken by mere "notice of appeal"? We think not.

Section 24a of the Bankruptcy Act (11 USCA § 47 (a) reads as follows: "(a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the Court of Appeals of the District of Columbia, and the supreme courts of the Territories, in vacation, in chambers and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases."

There is nothing in this section which indicates, even remotely, that it was the intention of Congress to change the method of taking an appeal.

Of the cases cited by appellant three— Nixon v. Michaels et al., 38 F.(2d) 420 (C. C. A. 8); In re Times Square Auto Supply Co., 47 F.(2d) 210 (C. C. A. 2); Handlan v. Bennett, 51 F.(2d) 21 (C. C. A. 4)—involved the distinction between appeals in "controversies" and "proceedings" and held that in the case of a controversy it is not necessary to obtain an allowance by the *appellate* court. It does not appear, in any of the three cases, that an order allowing the appeal was not procured in the lower court. In First Nat'l. Bank of Weatherford, Tex. v. Holliday, 47 F.(2d) 67 (C. C. A. 5), where an appeal was allowed by the District Judge, the appellate court held the matter before it to be a "controversy" and hence it was not necessary to have the appeal allowed by the appellate court.

Clements v. Conyers, 31 F.(2d) 563, 564 (C. C. A. 7), is relied upon by appellant as authority for the statement that "such appeals may be taken by the aggrieved party as a matter of right and without the order of any court." In that case the motion to dismiss the appeal was based upon a failure of appellant to secure an allowance of his

appeal by the appellate court, the matter being in bankruptcy. The appeal had been allowed by the District Court. It was held that the matter was a "controversy in bankruptcy" and that therefore it was not necessary that the appeal be allowed by the appellate court. The court said: "If the dispute in the District Court was a 'controversy,' as that term is defined by the courts, then the decree of the court of bankruptcy is reviewable by appeal, without any action on the part of the appellate court. In fact, since the amendment to the statute governing appeals (section 861b, 28 USCA), such appeals may be taken by the aggrieved party as a matter of right and without the order of any court."

Thus it appears that the latter statement was based upon an erroneous interpretation of the general appeals statute. That this interpretation is erroneous is clearly shown by Robie v. Hart, Schaffner & Marx, supra. Further, this statement in question was purely dicta, being unnecessary to the decision in the case in view of the fact that the appeal of Clements had been allowed by the District Court.

The case of Cohen v. Schultz, 43 F.(2d) 340 (C. C. A. 3), also relied upon by appellant, follows the Clements v. Conyers Case, supra, and being based thereon, is not authority in this court. The other two cases cited in the Cohen Case in support of the ruling are not in point.

Attention is also called to rule 11 of this court.

Appeal dismissed.