**YGLESIAS & CO., Inc., v. ENEGLOTARIA MEDICINE CO., Inc.***

**No. 2931.**

Circuit Court of Appeals, First Circuit.

Nov. 10, 1934.

*Rehearing denied — F. (2d) —.

Albert C. Rothwell, of New York City (Besosa & Besosa, of San Juan, P. R., on the brief), for appellant.

Henri Brown, of San Juan, P. R., for appellee.

Before BINGHAM and WILSON, Circuit Judges, and LETTS, District Judge.

BINGHAM, Circuit Judge.

This is a petition taken and allowed in the federal District Court for Puerto Rico from two orders in bankruptcy of February 25, 1934, and March 2, 1934; the first being the denial of a petition of certain creditors to vacate an order of adjudication of November 22, 1933, and the second granting a motion to dismiss the petition.

A motion to dismiss the appeal is interposed on the ground that the District Court was without jurisdiction to allow the appeal as the proceeding in which the orders were made was a proceeding in bankruptcy and not a controversy in bankruptcy; that an appeal from an order in a proceeding in bankruptcy can only be allowed in this court on an application made to it for leave to appeal under Bankr. Act § 24b, as amended May 27, 1926, 11 USCA § 47 (b). There can be no question that the orders appealed from were made in a proceeding in bankruptcy and that this court alone has jurisdiction to allow such an appeal. The appellant, however, takes the position that the only questions sought to be reviewed are questions of law,

and that, in analogy to the decision in Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889, the court should treat the appeal record filed in this court as an application for leave to appeal.

If it were open to us to treat the appeal record when filed here as an application for leave to appeal under 24b, as amended in 1926, 11 USCA § 47 (b) (a question not decided), the appellant would be no better off, for an application to this court under that section must be made within thirty days from the entry of the order sought to be reviewed, and it appears that the appeal record was not even filed in this court until June 8, 1934 —more than three months after either of the orders here sought to be reviewed were made. As an application made to this court for leave to appeal must be made within thirty days after the entry of the order sought to be reviewed, the appeal record, if treated as an application for leave to appeal, was too late.

The decision in United Wall Paper Factories, Inc., v. Hodges (C. C. A.) 70 F.(2d) 243, is without application to the facts in this case. There the question was whether a preliminary order striking out specifications of objections to a discharge could be reviewed on an appeal (under Section 25a [11 USCA § 48 (a)]) from an order granting a discharge, and the court very properly held that it could. In the instant case no appeal was taken under section 25a, as amended May 27, 1926 (11 USCA § 48 (a), from the order of adjudication of November 22, 1933, and the orders in question were not preliminary orders or steps leading up to the order of adjudication, but were orders made long subsequent to adjudication.

The appeal is dismissed for want of jurisdiction.