In re KENMORE GRANVILLE HOTEL CO.

In re GLEN SHERIDAN REALTY TRUST.

Nos. 6192, 6193.

Circuit Court of Appeals, Seventh Circuit.
March 23, 1937.

In No. 6192:

Meyer Abrams, of Chicago, Ill., for appellant.

Claude A. Roth, Harry E. Smoot, I. E. Ferguson, Arthur M. Cox, Max F. Goldberg, and Irving H. Flamm, all of Chicago, Ill., for appellee.

In No. 6193:

Meyer Abrams and Bernhard Stenge, both of Chicago, Ill., for appellant.

Norman A. Miller, Donald N. Clausen, Herbert W. Hirsh, and Jacob B. Courshon, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges.

PER CURIAM.

Petitioners applied for and were allowed appeals by order of the District Court in two separate debtor proceedings. Within 30 days from the entry of the orders from which the appeals were taken, they filed in this court their petitions praying, in the first case, that the appeal allowed by the District Court be also treated and considered as a petition for leave to appeal under section 24b, as amended, 11 U.S.C.A. § 47 (b), and in the second case, that the petition to allow the appeal filed in the District Court be treated as a petition for leave to appeal in this court under 24b, and that this court pass upon the application upon the final determination in the cause.

Petitioners have in no way complied with our rule 38 which requires, among other things, that a petition containing certain specific facts, a brief in support of the petition, and assignments of error shall be presented to this court for its consideration in determining whether or not an appeal should be allowed under section 24b. Petitioners seek to short-cut this method of obtaining the allowance of the appeal in a manner which perhaps at first thought seems a reasonable means of expediting the court's procedure. However, the granting of their petitions would open the way for very easy circumvention of the statutory provision for the allowance of appeals as to proceedings in bankruptcy only in the discretion of the appellate court. It must always be remembered that such appeals are not to be allowed as a matter of right, with the three exceptions provided for by section 25a, as amended, 11 U.S.C.A.

152

§ 48(a). Since appeals under sections 24a and 25, as amended, are allowable as a matter of right by the District Court, it is not customary for that court to scrutinize applications for appeal, beyond ascertaining that they have been made in time. The procedure in the appellate court as to discretionary appeals is quite different. Appeals are here allowed or disallowed according to the facts of each case. For that reason, this court has promulgated its rule 38 stating just how petitions for appeal are to be presented, and just what they must contain. What petitioners, in effect, are asking, is that we withhold decision as to the question of the allowance of the appeal until the argument of the case on the merits. They ask as much in the second case (Re Glen Sheridan Realty Trust), while in the first (Re Kenmore Granville Hotel Company) they merely ask that we take the motion under advisement until the printed record and brief on the main issues are filed.

■ As authority for the granting of their petitions that the appeals allowed by the District Court be treated as petitions for leave to appeal under 24b, petitioners refer to Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889. There it was held that, "in a 'controversy' arising in a bankruptcy proceeding, it is not essential to a review, when the facts are undisputed or no longer questioned, that resort should be had to an appeal under section 24a [11 U.S. C.A. § 47(a)]; but that in such case the controlling questions of law may also be reviewed by a petition for revision under section 24b [11 U.S.C.A. § 47(b)], whether they relate merely to the jurisdiction of the bankruptcy court or to the merits of the controversy." We think the converse is not equally true, and that it does not follow from this ruling of the Supreme Court that a litigant who has been allowed an appeal as a matter of right by the District Court is entitled to have that appeal treated as allowed by the appellate court, or to have his application for appeal to the District Court treated by the appellate court as a petition for leave to appeal. Despite the plausibility of the means suggested by petitioners, this court must continue to follow the practice already adopted by it, as explained in rule 38.

Petitions denied.