UNITED KINGDOM MUTUAL STEAM-
SHIP ASSURANCE ASSOCIATION,

v.

Arthur L. LIMAN, Trustee in
Bankruptcy.

In the Matter of Seatrade Corporation,
Kulukundis Maritime Industries, Inc.,
Tramp Shipping & Oil Transportation
Co., A. H. Bull Steamship Co., A. H.
Bull & Co. (Inc.) American Tramp
Shipping Development Corporation,
Messenian Shipping Corporation, Star
Line Agency, Inc., Bankrupts.

No. 376, Docket 33652.

United States Court of Appeals
Second Circuit.

Submitted Sept. 8, 1969.

Decided Oct. 28, 1969.

Marshall P. Keating (Kirlin, Camp-
bell & Keating), New York City, for
appellant.

Ambrose Doskow (Rosenman, Colin,
Kaye, Petschek, Freund & Emil), New
York City, for appellee.

Before LUMBARD, Chief Judge,
and SMITH and FEINBERG, Circuit
Judges.

J. JOSEPH SMITH, Circuit Judge.

This is a motion to dismiss the appeal
by an insurer from an order by the
United States District Court for the
Southern District of New York, David
N. Edelstein, Judge, denying review of
an order of the referee in bankruptcy up-
holding summary jurisdiction in the
bankruptcy court over the claim of the
trustee to be indemnified by the in-
surer for moneys paid on personal in-
jury claims. The insurer in this case,
United Kingdom Mutual Steamship As-
surance Association ("United King-
dom"), is a creditor of the bankrupt and
has filed a claim against the estate;
thereupon the referee determined that he
had summary jurisdiction over this claim
for indemnity by the trustee. There was
no order in regard to the merits of the
claim, merely that there was summary
jurisdiction. We hold that the order was
interlocutory, that it was made in a con-
troversy arising in proceedings in bank-
ruptcy and was therefore not appealable
at this stage, and grant the motion to
dismiss the appeal.

The applicable portion of the Bank-
ruptcy Act, § 24(a), 11 U.S.C. § 47(a)
provides:

"The United States courts of ap-
peals * * * are invested with ap-
pellate jurisdiction from the several
courts of bankruptcy in their respec-
tive jurisdictions in proceedings in
bankruptcy, either interlocutory or

final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact * * *."

The distinction between "controversies" and "proceedings" from which it must be determined whether an interlocutory order may be the subject of appeal, has often been characterized as being hairline thin and the classification depends upon an analysis of each case. In re Imperial "400" National, Inc., 391 F.2d 163 (3d Cir. 1968) (order reopening ruling by referee on reclamation claims out of time, appealable); Columbia Foundry Co. v. Lochner, 179 F.2d 630, 14 A.L.R.2d 1349 (4th Cir. 1950) (claim for goods sold and delivered, counterclaim for damages for defect in goods, appealable); In re Greenstreet, Inc., 209 F.2d 660 (7th Cir. 1954) (claim and counterclaim on performance of contract, appealable). "Proceedings" are generally described as those matters of an administrative character, including questions between the bankrupt and his creditors which are presented in the ordinary course of the administration of the bankrupt's estate. Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889 (1926); Hillcrest Lumber Co., Inc. v. Terminal Factors, Inc., 281 F.2d 323 (2d Cir. 1960); In re National Finance & Mortgage Corp., 96 F.2d 74 (9th Cir. 1938). "Controversies" are usually described as arising in the course of the bankruptcy proceeding and not being mere steps in the ordinary administration of the bankrupt, but which present distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate. Taylor v. Voss, supra; Hillcrest Lumber Co., Inc. v. Terminal Factors, Inc., supra.

A dispute between the debtor and an adverse claimant over property which is within the summary jurisdiction of the bankruptcy court has been held a controversy. Hillcrest Lumber Co., Inc. v. Terminal Factors, Inc., supra. Similar-

ly, it has been held that interlocutory orders in reclamation proceedings are not appealable since such a proceeding is a controversy, In re Brendan Reilly Associates, Inc., 372 F.2d 235 (2d Cir. 1967) and that proceedings concerning disputes as to the title of property in a dispute between the trustee and an adverse claimant over the right to possession of property is a controversy. In re Brendan Reilly Associates, Inc., 378 F.2d 30 (2d Cir. 1967); Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897 (1926). In other words, the normal turnover or reclamation order concerns title to specific property and thus inherently raises a "controversy arising in proceedings in bankruptcy." In re Imperial "400" National, Inc., supra.

As Judge Lumbard pointed out in his dissent in Pettit v. Olean Industries, Inc., 266 F.2d 833 (2d Cir. 1959) the standard and workable criterion which governs whether a proceeding contains a controversy has been whether the claimant raises a dispute with regard to the propriety of including property in the estate for distribution, rather than a question with regard to the administration of the estate once it is amassed. Judge Lumbard added that he would hold that no interlocutory order assuming summary jurisdiction to decide an asserted claim of right on the merits is appealable because every such order is entered in at least partial disposition of a controversy arising in a proceeding in bankruptcy and is unappealable. In another case dealing with an adverse claimant, the Ninth Circuit stated that a finding by the district court of the existence of summary jurisdiction in a bankruptcy matter, the merits of which have not been heard, is a determination in a controversy and not in a proceeding. In re Christ's Church of the Golden Rule, 172 F.2d 523 (9th Cir. 1949). This case is not like that of In re Greenstreet, Inc., supra. There the government sought recovery of certain property and asserted a claim against the bankrupt estate also; the trustee objected to allowance of each

of these claims and sought to defeat them by counterclaims demanding substantial sums by way of set-off. The court stated that the disposition of the issues arising upon the government's general claim and the trustee's counterclaim thereto had to do with the allowance and disallowance of claims, which is part of the proceedings in bankruptcy. Therefore, it stated that the order holding that the district court had jurisdiction was entered in a proceeding and an appeal was properly taken from an interlocutory order.

The cases closest to the borderline are those in which a contest seeking to augment the estate is linked to determination of claims against the estate, as in the instant case. If the determination of the claims is to be given greater weight, appealability is upheld as in a proceeding. If the establishment of the estate's right to augmentation is primarily looked to, appealability is denied as in a controversy. It is difficult, if not impossible, to reconcile in principle all the cases. In our case, the claims of the creditor and of the trustee do not appear to be necessarily interrelated. The insurer claims unpaid premiums. The trustee is raising a separate question in regard to a claim against United Kingdom for indemnification for funds paid out by the bankrupt estate to a person injured, for which the trustee claims that the bankrupt is to be indemnified by United Kingdom. Although summary jurisdiction is based upon the fact that United Kingdom is a creditor of the estate, that should not automatically classify this indemnification question between the trustee and the creditor as one in a proceeding. Here we feel that judicial economy is best served by emphasizing the contest over augmentation of the estate, holding it to be a "controversy" even though it comes in by way of counterclaim to the assertion of the insurer's premium claims. We, therefore, grant the motion and postpone consideration of appeals on the assertion of summary jurisdiction until that controversy is fully decided.

Appeal dismissed.