## HANDLAN v. BENNETT (two cases).
### Nos. 3087, 3097.

Circuit Court of Appeals, Fourth Circuit.
June 22, 1931.

A. E. Bryant, of Wheeling, W. Va., for appellant.

W. E. Haymond and Haymond & Fox, all of Sutton, W. Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

WATKINS, District Judge.

The single question for determination herein is presented to this court both by appeal and by appeal to superintend and revise in matter of law. Appellee has moved to dismiss the appeal in No. 3087. Both cases were argued together and counsel's briefs by consent treated the two cases as one. The controversy arose out of the following facts:

On April 20, 1928, one Agra B. McKinley was adjudged bankrupt and, in due course, appellant was elected trustee of his estate. On January 12, 1929, appellant, who will hereafter be referred to as trustee, under proper order of the court, sold to appellee certain of the bankrupt's real estate and in due course this sale was confirmed. During the administration of the estate and before the sale the trustee received the sum of $8,074.89 as rentals and royalties on certain oil and gas leases, the terms of which extended for various periods beyond the date of the purchase of bankrupt's real estate by appellee. Under the terms of these leases the rentals and royalties were due and payable in advance and, as they fell due, were collected by the trustee to the amount above mentioned prior to the date of appellee's purchase. Notwithstanding his admission that these rentals and royalties became due before his purchase and were collected according to the terms of the leases, appellee claims that in equity he is entitled to such pro rata of same as were in fact earned after his purchase of said real estate. The lands were sold by the trustee subject to the oil and gas leases. It is admitted that $2,723.08 of the total sum of $8,074.89, above mentioned, was earned while the property was in the custody of the trustee and before its sale to appellee, whose claim, therefore, is for the sum of $5,-351.81. The Referee denied appellee's claim but the Referee was overruled by the District Judge, and the full amount of the claim was allowed.

1. The motion to dismiss the appeal in No. 3087 is based on the ground that the District Court had no power to grant the appeal since the claim did not arise under section 25 of the Bankruptcy Act (11 USCA § 48), which provides for an appeal, among other things, from a judgment allowing or refusing a debt or claim in the amount of $500 or more. We agree with appellee that

the claim involved in this case is not such a one under contemplation of the act as would permit an appeal under the particular section referred to. The claim did not arise until after the adjudication and grew out of the sale of the bankrupt's real estate.

██ Under section 24a of the Bankruptcy Act, 11 USCA § 47 (a), a controversy arising in bankruptcy is reviewable on appeal by the appellate courts and such an appeal does not have to be allowed by the appellate court. It was held in the case of Taylor v. Voss, 271 U. S. 180, 46 S. Ct. 461, 463, 70 L. Ed. 889, that: " 'Controversies arising in bankruptcy proceedings' referred to in section 24a, include those matters arising in the course of a bankruptcy proceeding, which are not mere steps in the ordinary administration of the bankrupt estate, but present, by intervention or otherwise, distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate." Under this definition, the matter in dispute in this case is undoubtedly a "controversy arising in bankruptcy proceedings" as distinguished from "the proceedings" of a court of bankruptcy, and is, therefore, appealable as a matter of right, under section 24a of the act.

██ "Proceedings" in bankruptcy referred to in section 24b, 11 USCA § 47 (b) has been defined by the Supreme Court in the case of Taylor v. Voss, supra, as "those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate." An appeal involving "proceedings" in bankruptcy must be allowed by the Circuit Court of Appeals unless it relates to one of the three matters specified in section 25 (11 USCA § 48), viz., a judgment adjudging or refusing to adjudge bankrupt, from a judgment granting or denying a discharge from debts, and from a judgment allowing or rejecting a debt or claim of $500 or over, any of which questions may be appealed without the allowance of the appellate court. Baer v. Security Trust Co. et al. (C. C. A.) 33 F. (2d) 861. See also 8 Remington on Bankruptcy, p. 122, § 3740, p. 138, § 3757, and September, 1930 Supplement thereto; Collier on Bankruptcy, 1930 Supplement, p. 220 et seq.

██ 2. In determining the controversy as to purchaser's claim to the pro rata amount of rents and royalties earned from the date of sale to the expiration of the periods for which they had been collected in advance, it will be observed that there is no claim of any express agreement. The common-law rule governing the rights of landlord and tenant in such case must, therefore, control unless modified by statute. In 1 Thompson on Real Property, p. 325, § 251, it is said: "By the general rule of the common law, rent was apportioned as to estate but not as to time. While there may be an apportionment of rent as to estate, there can be none as to time, for the contract is entire—the rent for the period of time agreed upon is regarded as an indivisible item. The rule that rent can not be apportioned as to time applies only in the absence of a statute. * * * This rule has been constantly and repeatedly recognized." Under this rule in the absence of express contract or statutory provision, the owner of the title at the time of the falling due of rent became entitled to its collection. 36 Corpus Juris, p. 366, § 1208, and numerous authorities therein cited. Instances frequently occurred under which a landlord at the beginning of the year leased premises, particularly agricultural lands, for a rental to be paid after the crops were matured and harvested, and thereafter died before the rent became due. In such cases, there being no apportionment of rent as to estate, the successor to the title and not the personal representative of the landlord became entitled to collect the rent for the whole term, even though the greater portion had been earned before the death of the landlord. It was to relieve cases of this character and other analogous cases that the Virginia statute, which later was incorporated as section 1, chapter 95 of the Code of West Virginia, was adopted. That section reads as follows: "On the determination by death or otherwise, of the estate or other thing, from or in respect of which any rent, hire or money, *coming due* at fixed periods, issues or is derived, or on the death of any person interested in such rent, hire or money, the person or the personal representative or assignee of the person who would have been entitled, but for such death or determination, to the rent, hire, or money coming due at any such period, shall have a proportion thereof, according to the time which shall have elapsed of the time for which the said rent, hire, or other money was *growing due,* including the day of such death or determination, deducting a proportional part of the charges." (Italics ours.)

Appellee relies upon this statute and the Virginia decisions thereunder as sustaining his right to apportionment of the rents. He also cites 35 Corpus Juris, p. 86, § 134, under the title "Judicial Sales," where it is stated: "Where rent paid in advance for a

24

term which does not expire until after the completion of the purchase, the purchaser is entitled to a pro rata portion thereof." The sentence quoted is supported in the text by the citation of a New York case which stated that the allowance was made under the specific provisions of the New York Code. The Virginia case of Taylor v. Cooper, 10 Leigh, 377, 34 Am. Dec. 737, holds that, after a sale is confirmed, the confirmation relates back to the sale and from that date the purchaser is entitled to all rents which *become due afterward.* Any claim that the West Virginia statute enlarges the common-law rights of the purchaser to rents is based upon a misconception of both the terms and the purpose of the act. The rights therein conferred are awarded to the person or personal representative or assignee of the person from whom the title is derived and not upon those newly acquiring it. The act makes no attempt to apportion rent already due and collected, but only rent "coming due" and "growing due." It relates to cases in which rent earned had not become due and had not been collected as of right.

It must be remembered that the doctrine of caveat emptor applies in all its force to judicial sales and that it will be conclusively presumed that the purchaser agrees to take the title such as it is and that if he permits the sale to be confirmed without objection, he cannot afterward refuse to pay the purchase money because of imperfection of title or for errors or irregularities in the proceedings under which he purchased. This rule prevails in bankruptcy sales unless the order of sale itself otherwise provides. 3 Thompson on Real Property, p. 871, § 2718; 6 Remington on Bankruptcy, p. 48, § 2566.

For the reasons above stated, the order of the District Court appealed from is reversed.

No. 3087 reversed.

No. 3097 dismissed.